————o————

THE STATE OF MISSOURI *ex rel.* THE ST. LOUIS, C. B. & Q. R. R. Co., Appellant, *vs.* THE COUNTY COURT OF DAVIESS COUNTY, Respondent.

1. *Subscription to railroad on condition as to location of road and depot—Non-fulfilment of condition on subsequent request of inhabitants, etc.*—Where the inhabitants of a township vote for subscription to a railroad on condition that the road shall be constructed and its depot built within a mile of a certain town, it is no excuse for non-compliance by the company with that condition that the non-performance was "at the request and desire" of the inhabitants of the town.

The power of the voters is merely statutory and exhausts itself at the polls on the day of election. And any subsequent action on their part would have no legal validity. And *a fortiori* the request of a portion of the inhabitants of the township is no excuse for such failure.

*Appeal from Clinton Circuit Court.*

*Clark & Wait*, for Relator.

*Wm. M. Rush*, for Respondent, cited: State *ex rel.* Neal vs. Salem Co. Court, 48 Mo. 390 ; State *ex rel.* L. & St. L. R. R. vs. Salem Co. Court, 45 Mo. 242 ; Sto. Ag. §§ 165–199, 200, 307.

SHERWOOD, Judge, delivered the opinion of the court.

The return to the alternative writ of mandamus, among other reasons why bonds in the name of the county and on behalf of Benton township should not issue to relator for the construction of its road through that township, alleged that relator had not complied with the condition upon which the subscription was made in this : that relator failed to construct its road, or build its depot, within one mile of the town of Pattonsburg.

The non-compliance with the conditions was admitted in the reply, but relator attempted to excuse its failure on the ground that such failure was induced in consequence of, and " at the request and desire " of, the inhabitants of Pattonsburg.

It is obvious that this could constitute no valid excuse for the non-performance of the conditions which were the basis of the subscription. For the power of the voters of a township is purely statutory, and exhausts itself when such voters give expression at the polls to their assent to or dissent from the proposed subscription. Any subsequent action on their part therefore, being unknown to the law, is possessed of no legal validity and can by no means absolve the railroad company from the conditions which were imposed at the time the vote to subscribe was taken. And if such results must attend the after action of the voters of the township, most assuredly no greater effect could be produced in favor of the railroad company by the " request and desire " of a portion of the inhabitants of the given township. Since, then, one of the chief essentials of the subscription made by Benton township has not been performed, it was no part of the duty of the county court to depart from the conditions which had been imposed, and issue bonds in violation of those conditions.

This view renders unnecessary an examination into numerous other points raised and discussed, and leads to an affirmance of the ruling of the lower court in its denial of the peremptory writ.

The other judges concur.