### COUNTY OF BATES v. WINTERS.

On April 5, 1870, the county court of Bates County, Missouri, having received the requisite petition, ordered that an election be held May 8 in Mount Pleasant township, for the purpose of determining whether a subscription of $90,000 should be made on behalf of the township to the capital stock of the Lexington, Chillicothe, and Gulf Railroad Company, to be paid for in the bonds of the county, upon certain conditions and qualifications set forth in the order. The election resulted in favor of the subscription; whereupon the court, June 14, 1870, made an order that said sum "be, and is hereby, subscribed . . . subject to and in pursuance of all the terms, restrictions, and limitations" of the order of April 5, and that the agent of the court be authorized and directed to make said subscription, on behalf of the township, on the stock-books of said company, and, in making it, to have copied in full the order of the court as the conditions on which it was made, and that he report his acts to the court. The agent, Dec. 19, 1870, reported that the company had no stock-books, for which, and other reasons, he did not make the subscription, concluding his report with the words, " the bonds of said township are, therefore, not subscribed," which report was formally adopted by the court. Jan. 18, 1871, the county court made another order, reciting that the subscription had been made to said Lexington, Chillicothe, and Gulf Railroad Company; that a consolidation had been made between that and another company, resulting in the Lexington, Lake, and Gulf Railroad Company, and directing that

$90,000 of bonds be issued to the latter company in payment and satisfaction of said original subscription. The order concluded by authorizing the agent of the court "to subscribe said stock" to said Lexington, Lake, and Gulf Railroad Company. The agent made the subscription on the books of that company, which was accepted by it, and a certificate of stock issued to the county. The bonds recite on their face that they are issued to the Lexington, Lake, and Gulf Railroad Company, in payment of the subscription to the Lexington, Chillicothe, and Gulf Railroad Company, authorized by the vote of the people held May 3, 1870, and that the two companies were consolidated, as required by law. *Held*, 1. That the action of the county court on June 14, 1870, was not final and self-executing, and did not constitute a subscription to the Lexington, Chillicothe, and Gulf Railroad Company. 2. That the issue of the bonds to the Lexington, Lake, and Gulf Railroad Company was not authorized by the election held May 3, 1870. 3. That there can be no recovery on said bonds, as their invalidity is shown by their recitals.

ERROR to the Circuit Court of the United States for the Western District of Missouri.

The county of Bates, in the State of Missouri, brought this writ of error to reverse a judgment rendered against it in favor of Jonathan Winters and Valentine Winters, for the sum of $6,251.14, the amount of certain bonds and coupons issued by said county in behalf of Mount Pleasant township. The bonds were a part of a series amounting to $90,000, purporting to be issued upon an election authorizing a subscription to the capital stock of the Lexington, Chillicothe, and Gulf Railroad Company. They, and the coupons attached to them, are in the following form: —

"No. 56.]     UNITED STATES OF AMERICA.     [$1,000.

" *State of Missouri, County of Bates.*

"Issued pursuant to articles of consolidation in payment of stock due the Lexington, Lake, and Gulf Railroad Company, consolidated Oct. 4, A.D. 1870.

"Know all men by these presents, that the county of Bates, in the State of Missouri, acknowledges itself indebted and firmly bound to the Lexington, Lake, and Gulf Railroad Company, in the sum of $1,000, which sum the said county of Bates, for and in behalf of Mount Pleasant township therein, promises to pay the said Lexington, Lake, and Gulf Railroad Company, or bearer, at the Bank of America, in the city and State of New York, on the eighteenth day of January, A.D. 1886, together with interest thereon, from the eighteenth day of January, A.D. 1871, at the rate of ten per cent

per annum, which interest shall be payable annually on the presentation and delivery at said Bank of America of the coupons hereto attached.

" This bond being issued under and pursuant to an order of the county court of Bates County, by virtue of an act of the General Assembly of the State of Missouri, approved March 23, 1868, entitled ' An Act to facilitate the construction of railroads in the State of Missouri,' and authorized by a vote of the people, taken May 3, 1870, as required by law, upon the proposition to subscribe $90,000 to the capital stock of the Lexington, Chillicothe, and Gulf Railroad Company, and which said railroad company last aforesaid and the former, Pleasant Hill Division of the Lexington, Chillicothe, and Gulf Railroad Company, were, on the fourth day of October, 1870, consolidated, as required by law, into one company, under the name of the Lexington, Lake, and Gulf Railroad Company; and which said last-named railroad company, as provided by law and under the terms of said consolidation thereof, possesses all the powers, rights, and privileges, and owns and controls all the assets, subscription bonds, moneys, and properties whatever, of the two said several companies forming said consolidation, or either one of them.

" In testimony whereof, the said county of Bates has executed this bond by the presiding justice of the county court of said county under the order thereof, signing his name hereto, and by the clerk of said court under the order thereof, attesting the same and affixing the seal of said court.

" This done at the city of Butler, county of Bates, this eighteenth day of January, A.D. 1871.

{ COUNTY COURT, BATES }  " B. H. THORNTON,
{  COUNTY, MO., SEAL. }  " *Presiding Justice of the County Court of Bates County, Mo.*

" Attest :

 " W. J. SMITH,
  " *Clerk of the County Court of Bates County, Mo.*"

" $100.]   BUTLER, BATES COUNTY, Mo.  [$100.

            " Jan. 18, A.D. 1871.

" The county of Bates acknowledges to owe the sum of $100, payable to bearer, on the eighteenth day of January, 1872, at the Bank of America, in the city and State of New York, for one year's interest on bond No. 56.

        " W. J. SMITH,
    " *Clerk of the County Court, Bates County, Mo.*"

The Constitution of Missouri, sect. 14, art. 11, prescribes, —

"The General Assembly shall not authorize any county, city, or town to become a stockholder in, or to loan its credit to, any company, association, or corporation, unless two-thirds of the qualified voters of such county, city, or town, at a regular or special election to be held therein, shall assent thereto."

The statute of that State of March 23, 1868, enacted, that whenever twenty-five persons, tax-payers and residents of a municipal township, should set forth their desire to subscribe to the capital stock of a railroad company proposing to build a road into or near said town, it should be the duty of the county court to order an election, to determine if such subscription should be made; and, if it should appear that two-thirds of the qualified voters voting at such election were in favor of such subscription, it should be the duty of the county court to make such subscription in behalf of the township according to the terms and conditions thereof, and . . . to issue bonds in the name of the county. Wagner, Stat. p. 313, sect. 551; Laws Mo., 1868, p. 92.

The authority on the part of Bates County to issue its bonds to the Lexington, Lake, and Gulf Railroad Company is based upon the following proceedings : —

On the fifth day of April, 1870, the county court of Bates County, having received such a petition, ordered an election, at which the electors of Mount Pleasant township should determine whether they would subscribe $90,000 to the Lexington, Chillicothe, and Gulf Railroad Company, to be paid in bonds, upon the terms and with the numerous conditions and qualifications in the said order particularly set forth.

The election resulted in favor of making the subscription ; and on the 14th of June, 1870, the county court made an order "that the sum of $90,000 be, and is hereby, subscribed to the capital stock of the Lexington, Chillicothe, and Gulf Railroad Company, in the name and behalf of Mount Pleasant township, subject to and in pursuance of all the terms, restrictions, and limitations . . . of the order of the court" so made as aforesaid ; and that the agent be authorized to make such subscription on the books of the company ; and in making it he be

directed to have copied in full the order of the court, as the conditions on which the subscription is made; and that he report his acts to the court.

One of these conditions was, that from the proceeds of the sale of said bonds there should be paid to said company, monthly, ninety per cent of the monthly estimate of the work done on said road in Mount Pleasant township; and it authorized said bonds to be issued when all of the said road south of Lexington to the north line of Mount Pleasant township should have been located and put under contract.

The agent went to Lexington for the purpose of making the subscription, and carried with him a copy of the records of the county court, as he says, "for the purpose of showing his authority to act in the premises;" but the company had no books, by reason whereof he did not make the subscription; he sought to withdraw or reclaim his papers, but the company refused to allow him to do so. He went again for the same purpose, but, being dissatisfied with the condition of the company, did not make the subscription; and on the nineteenth day of December, 1870, reported his doings to the county court, ending in the words, "the bonds of said township are, therefore, not subscribed." This report was formally approved by the county court.

Seven months after making the order above set forth, and on the 18th of January, 1871, the county court made another order, which recited that the subscription had been made to said Chillicothe Company, that a consolidation had been made between that and another company, resulting in the Lexington, Lake, and Gulf Railroad Company; and it directed that $90,000 of bonds be issued to the latter company, in payment and satisfaction of the original subscription as aforesaid; and concluded: "Said James M. Boreing (their agent to receive and dispose of the bonds) is hereby authorized to subscribe said stock to said railroad company," the Lexington, Lake, and Gulf Railroad Company.

Boreing did make the subscription on the books of the new company, which was accepted by that company; and then, for the first time, a certificate of stock was issued to the county.

The court below found that the defendants in error were

*bona fide* holders, for value, of the bonds and coupons in suit, before maturity, without notice of any defect in the issue of the bonds, except such as they were bound in law to take notice of, and such as the face of the bonds imparted to them.

*Mr. Thomas C. Reynolds* and *Messrs. Glover & Shipley* for the plaintiff in error.

The subscription of $90,000 to the capital stock of the Lexington, Chillicothe, and Gulf Railroad Company, authorized by the election held May 3, 1870, was never made.

The pretended subscription to the stock of another company, which was not in existence at the time of holding the election, and the bonds issued in payment of such subscription, are void, inasmuch as the county court, as the mere agent of the township, had no power in the premises beyond that conferred by said vote. *Harshman* v. *Bates County*, 92 U. S. 569; *County of Scotland* v. *Thomas*, 94 id. 682.

The recitals in the bonds are sufficient notice of every material fact which affects their validity.

*Mr. T. K. Skinker, contra.*

The transfer of the original subscription, and the issue of the bonds to the Lexington, Lake, and Gulf Railroad Company, were lawful. The order of the county court, of June 14, 1870, subscribing, in pursuance of the popular vote cast on the third day of the preceding month, $90,000 to the Lexington, Chillicothe, and Gulf Company, is itself obligatory, without a formal acceptance by the company, or an actual subscription on its books. *Justices of Clarke County* v. *Paris, &c. Turnpike Co.*, 11 B. Mon. (Ky.) 143. The county court properly regarded that order as equivalent to a subscription, and as legally binding. Its subsequent orders direct the bonds to be issued "in payment of said original subscription." That the subscription was accepted by the company is manifest from their refusal to permit the agent of the county to withdraw the copies of the orders of the county court, which he had brought with him to transcribe on the stock-book of the company. The subscription could be lawfully transferred to the consolidated company, and the issue of bonds to the latter was lawful. *Nugent* v. *The Supervisors*, 19 Wall. 241.

MR. JUSTICE HUNT delivered the opinion of the court.

If we hold that there was no valid subscription until that made on the 18th of January, 1871, which was to the Lexington, Lake, and Gulf Road Company, it is open to the objection that the township voted an authority to subscribe to the stock of one company, and the county court subscribed to the stock of a different company. This was condemned in *Harshman* v. *Bates County* (92 U. S. 569), which arose upon the same issue of bonds and in relation to the same roads as the case before us. That case has since been modified as to the first point decided in it, in relation to the number of votes required to authorize the subscription, but remains unimpaired as to the point we are considering.

It is said that the subscription was, in law, made on the 14th of June, 1870, to the Lexington, Chillicothe, and Gulf Railroad Company; and that, having been made by the authority of the popular vote, it could be transferred to the consolidated organization. *Nugent* v. *The Supervisors* (19 Wall. 241) is cited to sustain this proposition.

It is decided, in that case, that an actual, manual subscription on the books of a company is not indispensable; that where an order was made by a county court, which said that it subscribed for a specified number of shares of railroad stock, which was accepted by the company, and notice of such acceptance given to the county court, when the minds of the parties met, and both understood that a contract had been made, and where the county court had accepted the position of a stockholder, received certificates for the stock subscribed, and voted as a stockholder, that these facts constituted a valid subscription.

In *County of Moultrie* v. *Savings Bank* (92 U. S. 631) a like decision was had, and upon like facts. In declaring the resolution of the corporation to have been an executed subscription, the court use this language: " The authorized body of a municipal corporation may bind it by an ordinance, which, in favor of private persons interested therein, may, if so intended, operate as a contract; or they may bind it by a resolution, or by vote clothe its officers with power to act for it. The former was the clear intention in this case. The board clothed no

officer with power to act for it. The resolution to subscribe was its own act, its immediate subscription."

A similar case is that of *Justices of Clarke County* v. *Paris, &c.* (11 B. Mon. (Ky.) 143), where the order was entered in these words (in part) : " With the concurrence of all the magistrates of the county, ordered, that the county court of Clarke County subscribe, as they hereby do, for fifty shares of stock in the Paris " Company, &c. The court say (at p. 146) : " It is manifest on the face of the order that it was made as a subscription. The suspending order of October calls it a subscription, and the evidence shows that it was so intended and understood when made, both by the court which made it and by the company which solicited and accepted it."

The present case is quite a different one. The order of the county court was not intended, as in the cases referred to, to be final and self-executing. While it recited that the sum named should be, and was thereby, subscribed, it " authorized and directed " the agent " to make said subscription on the stock-books of the said company," upon the conditions specified, and to report to the court thereon.

Having failed, for the reasons given by him, to make the subscription, the agent reported to the county court his doings, and " that the bonds of the township are not, therefore, subscribed ; " and the county court approved his report.

A subscription to the amount of $90,000 was made in January, 1871, by color of said authority, on the books of the Lexington, Lake, and Gulf Railroad Company. This subscription was accepted by that company, and a certificate of stock to the amount of such subscription was then, for the first time, issued to the county.

The company whose stock was thus received has graded in part the road, but never completed it. The county of Bates or the town of Mount Pleasant has never, in fact, received any benefit from this issue of its bonds.

The county court did not intend their action in June, 1870, to be final, and did not understand that a subscription was thereby completed. Their vote was a declaration that the power to subscribe should be exercised, and was an authority to their agent to perfect a contract with the railroad company,

on the conditions set forth.    No acceptance was made by the railroad company, no notice of acceptance was given, nor was there any act or fact which afforded a pretext for saying that the railroad company was bound by the contract of subscription.    While it refused to allow the agent to withdraw his evidence of authority, it said nothing and did nothing to indicate that the minds of the parties had met upon the terms of a subscription.    The county court was precise and particular in requiring those conditions to be copied in full on the books of the company, as the conditions on which the subscription was made; and there could be no mutual contract until the railroad company assented, on its part, to those conditions.

At a subsequent time, Jan. 18, 1871, when it had determined to issue bonds to a different company, and apparently as its justification for so doing, the county court recited that a subscription had been made to the Chillicothe road.    It at once, and in the same order, contradicted and repudiated this recital, by directing a subscription for $90,000 of bonds in the Lexington and Lake Railroad Company.    If the subscription had been made before to one company, there was no occasion or authority for a subscription to another.    This historical statement furnishes no satisfactory evidence of an actual or legal subscription in June, 1870.

We are of the opinion that the action of the county court on the 14th of June, 1870, did not constitute a subscription to the stock of the Lexington, Chillicothe, and Lake Railroad Company, and that the case of the defendants in error is fatally defective, under the ruling of *Harshman* v. *Bates County*, in this: that the popular vote gave authority to subscribe to the Lexington, Chillicothe, and Gulf Railroad Company, while the subscription was made and the bonds issued to a different company, to wit, to the Lexington, Lake, and Gulf Railroad Company.

The same decision holds that the recitals in the bonds are such that there can be no *bona fide* holders of them; and to the like effect in principle is *McClure* v. *Township of Oxford*, 94 U. S. 429.

The judgment must be reversed, and the case remanded to the Circuit Court, with directions to proceed to a new trial, according to the views above expressed; and it is

*So ordered.*

MR. JUSTICE CLIFFORD, with whom concurred MR. JUSTICE SWAYNE and MR. JUSTICE STRONG, dissenting.

I dissent from the opinion in this case, upon the ground that it is in conflict with prior decisions of this court upon the same subject.