WAGNER v. MEETY *et al.*, *Plaintiffs in Error*.

1. **County Subscription to Railroads**: INJUNCTION AGAINST, BY CITIZENS AND TAX-PAYERS. If a railroad company fails to comply with the conditions on which a county subscription has been made to its stock, injunction will lie to prevent it receiving bonds agreed to be issued in payment, and to compel the surrender and cancellation of any already issued; and this remedy may be invoked by any one who is a citizen and tax-payer of the county.

2. ———: CONSOLIDATION OF RAILROADS. The privilege conferred upon a railroad company, by a charter granted in 1857, of having subscriptions made to it by county courts without the sanction of a popular vote, was not a vested right, and if the company became consolidated with another, this privilege did not pass to the consolidated company so as to authorize such a subscription to be made after the constitution of 1865 took effect without such sanction.

*Error to Shelby Circuit Court.*—HON. JOHN T. REDD, Judge.

*A. J. Baker* for plaintiffs in error.

*J. G. Blair* for defendants in error.

SHERWOOD, C. J.—The Missouri, Iowa & Nebraska Railroad Company were certainly not entitled to the bonds of Scotland county, unless upon compliance with the terms and conditions imposed in the order of subscription to the capital stock of the company. *The State v. County Court Daviess County*, 64 Mo. 30. There was no such compliance. This the demurrer to the petition of plaintiffs, who are residents and tax-payers of Scotland county, admits. The route was changed, and the consideration for the subscription and the bonds therefore failed. In the *Daviess County case, supra*, we held the county court justices absolved from any duty to issue bonds when the conditions of the subscription had not been complied with, and by parity of reasoning they should be restrained from issuing bonds when such issuance would be without authority, in consequence of a failure on the part of the company to comply with the contract; the only right to the bonds was based on com-

*[margin note: 1. COUNTY SUBSCRIPTION TO RAILROADS: injunction against, by citizens and tax-payers.]*

pliance; when that failed so also did its dependent right. Nor do we doubt that plaintiffs, being tax-payers and citizens, are directly interested in seeing to it that their county officials do not waste their substance and encumber their property by taxation to meet bonds which the county court, unless restrained, would issue without authority of law. And bonds would be issued and delivered without such authority, when the fundamental condition of the subscription had not met with at least substantial compliance; otherwise, it would prove but a vain and useless formality for the county court to impose any conditions precedent to the issuance of bonds; they might subscribe for a road in one direction, and have to up put with one in another direction, built in total defiance of the terms of subscription. These considerations make it abundantly evident that plaintiffs had both the legal capacity, as well as proper grounds, for their present procedure. *Newmeyer v. M. & M. R. R. Co.*, 52 Mo. 81; *Hooper v. Ely*, 46 Mo. 505.

The Missouri, Iowa & Nebraska Railroad Company never had any existence until 1870; after which the sub-

2. ――: consoli-scription was made. That company was the dation of railroads. result of an alleged consolidation of other companies, one of which being chartered in 1857, had the privilege of having subscriptions made without a vote first taken. This privilege, however, never became a vested right in that company, thus chartered, because a subscription was neither made to, nor accepted by, such company. *St. Jo. & D. C. R. R. Co. v. Buchanan Co. Ct.*, 39 Mo. 485; *Aspinwall v. Commissioners of Daviess Co.*, 22 How. 364; *Nugent v. Supervisors*, 19 Wall. 241. If the subscription to, and its acceptance by, the company authorized to receive it, had occurred anterior to consolidation; occurred at a time when the county court could lawfully make such subscription; and then consolidation had taken place between the company thus clothed with a vested and subsisting right, a widely different question would have been presented for our consideration; as it is, there being no vested

right, created anterior to consolidation of the companies, none of course could pass to the Missouri, Iowa & Nebraska Railroad Company, in consequence of the consolidation having been effected. *Harshman v. Bates Co.*, 92 U. S. 5,69. This being the case, the subscription having occurred in 1870; having been made to a new company; that subscription was governed by the provisions of the constitution of 1865, and the law passed in pursuance thereof, and could not be legally made without the sanction of a vote of the people, as required by that law. This matter was fully considered by us in the case of the *State ex rel. Wilson v. Garroutte*, 67 Mo. 445, and the authorities bearing upon the question discussed at. large. To that opinion we still adhere ; doing so, we affirm the judgment of the court below, which granted injunctive relief as prayed, declared the bonds void, and ordered their delivery by Meety to the court for the purpose of cancellation. Judges HENRY and NORTON concur; Judges NAPTON and HOUGH dissent.

AFFIRMED.