Wilbur v. Wyatt.

JOHN E. WILBUR V. WILLIAM WYATT ET AL.

FILED DECEMBER 18, 1901.   No.12,346.

1. **County Bonds**: INTERNAL IMPROVEMENT: NOTICE: NEWSPAPER. A proposition to issue county bonds to aid in a work of internal improvement, and the result of the vote thereon, must be entered on the records of the county; and notice of the adoption of such proposition must be published for two weeks in a newspaper in said county, if one be published therein, before such bonds can be legally issued.

2. ——: ——: ——: ——: IRRIGATION DITCH. An election was held on August 16 to vote on a proposition to issue county bonds to aid in the construction of an irrigation ditch. On the 21st day of the same month, notice was ordered published, and the bonds were issued on September 1, following. *Held*, That the bonds were illegally issued.

3. **Municipal Bonds**: PURCHASER: RECITALS: NOTICE. A purchaser of municipal bonds is charged with notice of the recitals contained therein.

ERROR from the district court for Douglas county. Tried below before KEYSOR, J. *Affirmed.*

*Henry W. Pennock,* for plaintiff in error.

*Gaines, Kelby, Storey & Martin, contra.*

NORVAL, C. J.

This action is upon an interest coupon for $60 attached to a $1,000 irrigation bond issued by Perkins county to the Equitable Irrigation & Waterpower Company. The county interposed these defenses: (1) A county has no power to issue bonds for the construction of an irrigation ditch, because such improvement is a private, and not a public, enterprise; (2) the proposition submitted to the voters of the county was invalid for the reason it contained an unlawful inducement or bribe to the electors to vote the proposed bond; (3) the statutory requirement of two weeks' publication of the notice of the adoption of the proposition was not complied with prior to the issue of the bond. Upon the

trial the issues were found in favor of the defendants and from a judgment in their favor error is prosecuted by the plaintiff.

As we view the case, the last defense stated need only be considered. The bond in question contained the following recitals, among others: "The issuing of this bond was submitted to the electors of said Perkins county, Nebraska, at a special election held for that purpose, upon due notice given, on the 16th day of August, A. D. 1894. * * * And the board of county commissioners of said Perkins county, being vested by law with authority for that purpose, having found that said election has been had and held in all respects in accordance with law, and that all the requirements and conditions precedent necessary to authorize the execution and delivery of this bond had been fully complied with, did on the 21st day of August, A. D. 1894, while in regular session, by an order duly made, caused a notice to be published that on September 1st, 1894, they would execute said bond, and deliver the same in accordance with the terms of the proposition voted upon, and this bond has been issued in pursuance of said order." If the bond was issued for the promotion of a public enterprise, its issuance is governed and controlled by section 4, chapter 45, Compiled Statutes, which declares that "If two-thirds of the votes cast at any such election for the purpose herein set forth be in favor of the propositions submitted, the county commissioners, in the case of a county, and the city council, in case of a city, shall cause the proposition and result of the vote to be entered upon the records of said county or city, and a notice of its adoption to be published for two successive weeks in any newspaper in said county or city, if there be one, and shall thereupon issue said bonds," etc. Plaintiff is a bona-fide holder of the coupon in suit, and he claims that the county is estopped by the foregoing recital in the bond from which the coupon was detached from asserting that the statute relating to the issuance of the bond had not been complied with. It has been often held that recitals in municipal bonds are conclusive, in favor of a

bona-fide holder, that conditions precedent to their issue required by statute, and subject to the determination of the municipal officers, have been fully complied with. It is a familiar doctrine that recitals in municipal bonds that they were issued pursuant to an order of the board or body having power to issue them is notice to any one purchasing the bond of the terms of such order. *Post v. Pulaski County*, 49 Fed. Rep., 628. In *McClure v. Oxford Township*, 94 U. S., 429, the court say: "If a purchaser may be, as he sometimes is, protected by false recitals in municipal bonds, the municipality ought to have the benefit of those that are true." To the same effect are *Merchants' Nat. Bank v. School District No. 8*, 94 Fed. Rep., 705; *Horton v. Town of Thompson*, 71 N. Y., 513; *Scipio v. Wright*, 101 U. S., 665; *Harshman v. Bates County*, 92 U. S., 569. It will be observed that the section of the statute already quoted requires that notice of the adoption of the proposition to issue bonds in aid of works of internal improvement must be published for two successive weeks in some newspaper in the county, if there be one, before the bonds shall be issued. The recital in the bond from which this coupon was detached conclusively discloses that such notice was not published in a newspaper in Perkins county for two successive weeks before the bond was issued. It was issued September 1, 1894, and the order for the publication of the notice was made August 21, 1894. The notice therefore could not have been published for the statutory two weeks subsequent to such order and prior to the date and issuance of the bond. The bond was therefore issued in violation of the express terms of the statute, of which every purchaser had notice by the recital in the bond. The county board was without power to order the issuance of the bond until after the statutory notice had been given. The bond being invalid, the coupon falls with it, and a recovery thereon can not be had.

The judgment is accordingly

                                                 AFFIRMED.