## McClure v. Township of Oxford.

1. A municipality must have legislative authority to subscribe to the capital stock of a bridge company before its officers can bind the body politic to the payment of bonds purporting to be issued on that account.
2. If any of the essential proceedings prescribed by law for investing municipal officers with power to subscribe for stock, and issue bonds in payment thereof, be dispensed with, the bonds will be invalid in the hands of all who cannot claim protection as *bona fide* holders.
3. Every dealer in municipal bonds, which, upon their face, refer to the statute under which they were issued, is bound to take notice of all its requirements.
4. Where, upon their face, the coupons refer to the bonds to which they were attached, and purport to be for the semiannual interest accruing thereon, the purchaser of them is charged with notice of all which the bonds contain.
5. The bonds issued by the township of Oxford, Kansas, bearing date April 15, 1872, and reciting that they are issued under an act of the legislature of Kansas, approved March 1, 1872, authorizing the township to subscribe for stock in the Oxford Bridge Company, and, in pursuance of a vote of the qualified electors of said township, at an election held therein, April 8, 1872, are void, because, as that act by its terms took effect only from its publication in the "Kansas Weekly Commonwealth," and it was not published until March 21, the election was not held pursuant to a notice of thirty days, as required by the act.

Error to the Circuit Court of the United States for the District of Kansas.

This was an action by the plaintiff to recover upon twenty overdue interest coupons, detached from bonds held by him and issued by the defendant.

The following is a copy of one of the bonds and coupons, all of which were set forth in the declaration: —

"No. ——.]        Oxford Township Bridge Bond.        [$500.

" The township of Oxford, in the county of Sumner and State of Kansas, hereby promises to pay to —— ——, or bearer, the sum of $500, on the fifteenth day of April, A.D. 1882, with interest thereon at the rate of ten per cent per annum, payable semiannually on the fifteenth day of October and April of each year, upon the presentation of the coupons therefor hereto attached. Both principal and interest payable at the American Exchange National Bank, in the city of New York. This bond is one of an issue of $10,000, made for the purpose of aiding in the building of a bridge across the Arkansas River at the town of Oxford, in the county of Sumner and State of Kansas, and in pursuance of an act of the legislature of the State of Kansas, entitled 'An Act authorizing the trustee, treasurer, and clerk, or any two of them, of the township of Oxford, in the county of Sumner and State of Kansas, to subscribe for stock in the Oxford Bridge Company to the amount of $10,000, to aid in the construction of a bridge across the Arkansas River at Oxford, in said county and State, and to issue the bonds of said township in payment therefor,' approved March 1, 1872, and in pursuance of a vote of the qualified electors of said township, had at an election held therein, on the eighth day of April, A.D. 1872, which said election resulted in a majority of 112 in favor of issuing said bonds in a total vote of 140.

" The faith of said township and the receipts for toll of said bridge are pledged to the payment of this bond and interest.

" In testimony whereof the township trustee, clerk, and treasurer of said township have caused this bond to be issued, duly certified, attested, and countersigned, this fifteenth day of April, A.D. 1872.

"George T. Walton, *Trustee.*

" Attest : John H. Folks, *Clerk.*

" Countersigned : T. E. Clark, *Treasurer.*"

" I, A. Thoman, auditor of the State of Kansas, do hereby certify that this bond has been regularly and legally issued ; that the signatures thereto are genuine ; and that such bond has been duly registered in my office, in accordance with an act of the legislature,

entitled 'An Act to authorize counties, incorporated cities, and municipal townships to issue bonds for the purpose of building bridges, aiding in the construction of railroads, or other works of internal improvements, and providing for the registration of other bonds, and the repealing of all laws in conflict therewith,' approved March 2, 1872.

"Witness my hand and official seal, this twenty-fifth day of April, 1872.

"A. Thoman, *Auditor of State.*

{ Seal of Auditor of State.
{ Kansas, April 25, 1873."

"$25.]               *Oxford Township.*

"On the fifteenth day of April, 1875, the treasurer of the township of Oxford, in the county of Sumner and State of Kansas, will pay to bearer the sum of $25, at the American Exchange National Bank in the city of New York, being the semiannual interest due on bond No. 1, issued April 15, A.D. 1872.

"George T. Walton, *Trustee.*
"Attest: John H. Folks, *Clerk.*"

The fifth and seventh sections of the act under which the bonds were issued are as follows: —

"Sect. 5. Before any of the bonds hereinbefore mentioned shall be issued, the question of issuing said bonds shall be submitted to the legal voters of said township, at an election to be held for that purpose, which said election shall be conducted in all respects in conformity with the general election laws of this State. The time and place of holding said election shall be designated by the said trustee, treasurer, and clerk, or any two of them, by giving at least thirty days' notice by posting written or printed notices thereof in three of the most public places in said township. The ballots to be used at said election shall be written or printed, 'For the bridge and bonds,' or, 'Against the bridge and bonds;' and if at said election a majority of said votes shall be for the bridge and bonds, the said bonds shall be issued, and not otherwise."

"Sect. 7. This act shall take effect from and after its publication in the 'Kansas Weekly Commonwealth.'"

"Approved March 1, 1872."

Annexed to the act is the following certificate: —

"I hereby certify that the foregoing is a true and correct copy of the original enrolled bill now on file in my office, and that the

same was published in the ' Kansas Weekly Commonwealth,' March 21, 1872.

"W. H. SMALLWOOD, *Secretary of State.*"

The defendant demurred to the declaration, on the ground that it did not set forth a good cause of action. The demurrer was sustained, and judgment rendered for the defendant. The plaintiff sued out this writ of error.

*Mr. Alfred Ennis* for the plaintiff in error.

*Mr. A. L. Williams*, contra.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

A municipality must have legislative authority to subscribe to the capital stock of a bridge company before its officers can bind the body politic to the payment of bonds purporting to be issued on that account. Municipal officers cannot rightfully dispense with any of the essential forms of proceeding which the legislature has prescribed for the purpose of investing them with power to act in the matter of such a subscription. If they do, the bonds they issue will be invalid in the hands of all that cannot claim protection as *bona fide* holders.

To be a *bona fide* holder, one must be himself a purchaser for value without notice, or the successor of one who was. Every man is chargeable with notice of that which the law requires him to know, and of that which, after being put upon inquiry, he might have ascertained by the exercise of reasonable diligence. Every dealer in municipal bonds, which upon their face refer to the statute under which they were issued, is bound to take notice of the statute and of all its requirements.

The statute under which the bonds now in question were issued, and which is referred to in the bonds, though passed and approved March 1, 1872, was not by its terms to go into effect until after its publication in the "Kansas Weekly Commonwealth." Of this every purchaser of the bonds had notice, because it was part of the statute he was bound to take notice of. A purchaser would, therefore, be put upon inquiry as to the time of the publication, and by reasonable diligence could have ascertained that this did not take place until March 21. This

being the case, the law charges him with knowledge that the statute did not go into effect until that date.

The statute further provided that no bonds could be issued under its authority, until the question of their issue had been submitted to the legal voters of the town at an election, of which thirty days' notice had been given, and at which a majority of the votes should be in favor of the measure.   These bonds bore date April 15, 1872, and, pursuant to the express requirements of the act, contained a statement of the purpose for which they were issued, a reference to the act under which they were issued, and the result of the vote of the inhabitants on the question of their issuance, which is stated to have been taken April 8, 1872.   No valid notice of an election could be given until the act went into effect, because until then no officer of the township had authority to designate the time or place of holding it.   These bonds, therefore, carried upon their face unmistakable evidence that the forms of the law under which they purported to have been issued had not been complied with, because thirty days had not elapsed between the time the law took effect and the date of the election.   If a purchaser may. be, as he sometimes is, protected by false recitals in municipal bonds, the municipality ought to have the benefit of those that are true.

This suit was brought upon coupons detached from the bonds purchased by the plaintiff in error before maturity, but upon their face they refer to the bonds, and purport to be for the semiannual interest accruing thereon.   This puts the purchaser upon inquiry for the bonds, and charges him with notice of all they contain.

This disposes of the case.   As the declaration sets out a copy of the bonds with all the recitals, and the recitals show that the bonds were irregularly issued and not binding upon the township, it follows that the declaration does not set forth a good cause of action against the defendant, and that the demurrer was properly sustained.   This is in accordance with the decision of the Supreme Court of Kansas, in *George* v. *Oxford Township,* 16 Kan. 72.   Under these circumstances it is unnecessary to consider any other of the questions which have been certified here.                                   *Judgment affirmed.*