DILLARD et al. v. SAPPINGTON, County Treas.

No. 20307. Opinion Filed July 28, 1931.

E. L. Dillard and J. H. Harper, for plaintiffs in error.

Earl Pruet, Co. Atty. and Arthur J. Marmaduke, for defendant in error.

CULLISON, J. The parties will be referred to as they appeared in the court below. Plaintiffs instituted suit against Mrs. Alice Sappington, county treasurer of Jefferson county, Okla., successor to W. C. Sappington, deceased, county treasurer, as custodian and trustee of the sinking fund of the common school districts of the county to recover an attorney fee in the amount of $1,500. Defendant demurred to plaintiffs' petition and the demurrer was sustained by the court. Thereupon petitioners excepted and elected to stand on their petition and appealed to this court by petition in error.

Plaintiffs allege in their petition that the county treasurer, as custodian and trustee of the sinking fund of the common school districts of Jefferson county, Okla., had invested the money belonging to said fund in warrants of Jefferson county, Okla., issued for the fiscal years 1918-1919 and 1920-21. The said warrants amounted to $17,878, and that there was no money with which to pay the same. Plaintiffs then allege that county treasurer of Jefferson county, Okla., employed plaintiffs as attorneys to institute suit in the district court to secure judgment on the warrants held by the treasurer in order that the same might be collected by judgment. Plaintiffs further allege that there was no contract as to the fee that would be paid for the services so rendered and that there were no funds in the hands of the county treasurer out of which he could pay the same. but that under such agreement of employment plaintiffs are en-

48

titled to receive for their compensation a reasonable fee in the amount of $1,500. Plain.iffs further allege that the county attorney was disqualified to bring this suit against the board of county commissioners of Jefferson county, Okla., because it was his duty to defend said county commissicners. Plaintiffs therefore pray judgment against the county treasurer, as trustee of the sinking fund of the common school districts of Jefferson county, Okla., in the amount of $1,500 for services rendered.

Plaintiffs' appeal from the order sustaining defendant's demurrer to plaintiffs' petition raises but one question for our determination: "Did the petition state facts sufficient to constitute a cause of action?" and in deciding said question it will be necessary to determine: "Whether or no the county treasurer of Jefferson county has power and authority to enter into a contract with plaintiffs, by the terms of which said county is liable for at‘orney's fee in an action in the district court brought on behalf of defendant as such county treasurer, and thereby bind said county treasurer as custodian of the sinking fund of the common schools of said county so as to make the same liable for an attorney fee."

Plaintiffs proceed on the theory that the county treasurer was trustee of the funds in his hands, and that as such trustee he had authority to employ counsel to protect said trust fund, but this court has passed upon the question in the case of National Surety Co. v. State ex rel. Richards, 111 Okla. 185, 239 Pac. 262, and held that:

"The treasurer, by virtue of his office, is the collector of the various classes of taxes to be collected, and becomes custodian of such tax money. Aside from the independent school districts, which are controlled by special statutes, this applies to sinking funds collected for and on behalf of school districts. When the money comes into the hands of the custodian, the school districts are not entitled to the specific money, and have no control over it. The school district is simply entitled to a credit upon the county's books, kept by its financial representative, the county treasurer, and the relationship thereafter as between the county and the school district is that of debtor and creditor, and the treasurer becomes not only the custodian and keeper for the debtor, but is also the disbursing officer, and it matters not what is done with the money by him, the credit remains."

This decision of the Supreme Court holds that the relationship of debtor and creditor exists between school districts and the county, and does not hold that the county treasurer is trustee, as contended for by plaintiffs.

The county treasurer is a public official of the county. His duties and powers are those prescribed by the statutes. He is one of the ministerial officers of the county, and as such would be vested with the power and authority as enumerated in the statutes. He would have no authority to go beyond the powers given him by the statute in an attempt to bind the sinking funds of the common school districts of the county.

Section 5931, C. O. S. 1921, enumerates the general duties of the county treasurer, such as to receive all moneys belonging to the county and to pay out the same on warrants of the board of county commissioners drawn according to law.

Section 5933, C. O. S. 1921, provides other duties of the treasurer, such as the collecting of taxes and the keeping of records exhibiting the different funds and payments made therefrom.

Section 8580, C. O. S. 1921, provides for the investment of sinking funds in county warrants, township warrants, and other warrants, and bonds enumerated in said section.

We have just enumerated the powers and duties of the county treasurer, and nowhere do we find the treasurer vested with authority to enter into a contract with attorneys to institute suit on warrants purchased by the county treasurer and to secure judgment on said warrants. If the warrants in question were defective and it became necessary that a suit be filed in order to protect the funds in custody of the county treasurer, the obligation to protect said fund is personal to the treasurer and his bondsmen, and not an obligation against the funds in his hands.

In the case of the Board of Education of the City of Shawnee v. American National Company, 135 Okla. 253, 275 Pac. 285, this court announced the rule that:

"'Whoever deals with a municipality does so with notice of the limitations on its or its agents' powers. All are presumed to know the law, and those who contract with it, or furnish it supplies, do so with reference to the law, and if they go beyond the limitations imposed they do so at their peril.' O'Neil Engineering Co. v. Town of Ryan, 32 Okla. 738, 124 Pac. 19; Hyde v. City of Altus, 92 Okla. 170, 218 Pac. 1081; McClure v. Township of Oxford, 94 U. S. 429, 24 L. Ed. 129; Town of New Butler v. Tucker, 54 Okla. 182, 153 Pac. 628."

Plaintiffs in the case at bar are attorneys, charged with full knowledge as to the power and authority of the county treasurer and the limitation thereon. They dealt with the county treasurer at their peril, and if the county treasurer exceeded his authority in attempting to contract with them to institute the suit in question, they cannot complain. The money in question is the funds of certain school districts collected by the county treasurer for said school districts. The only statutory authority given the county treasurer in regard to the management of the sinking funds of the several common school districts is to invest the same as authorized by section 8580. This does not constitute the county treasurer agent for the districts with power to bind their funds under contract for an attorney's fee. Article 10, sec. 19, of our State Constitution, provides:

"* * * No tax levied and collected for one purpose shall ever be devoted to another purpose."

The money in the sinking funds to the credit of the various school districts was levied and collected for the specific purpose of paying off the bonded indebtedness of the several common school districts.

Plaintiffs asked for judgment against the county treasurer as custodian of this fund, and that the judgment be paid out of money so collected for said fund. This is an attempt to evade the constitutional provision and to use a portion of the money in the sinking fund to pay the attorney's fee.

In accordance with the authorities cited we are forced to the conclusion, and hold, that the decision of the trial court in sustaining the demurrer to plaintiffs' petition was correct, and the same is hereby affirmed.

LESTER, C. J., and RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur; CLARK, V. C. J., and HEFNER, J., absent.

Note.—See under (2) 22 R. C. L. 459.