## STANDARD SURETY & CASUALTY CO. OF NEW YORK et al. v. STATE OF OKLAHOMA ex rel. THILSTED et al.

### No. 2940.

Circuit Court of Appeals, Tenth Circuit.

Oct. 30, 1944.

Rehearing Denied Nov. 29, 1944.

---

Leslie D. Ringer, of Oklahoma City, Okl. (Russell V. Johnson and Miley, Hoffman, Williams, France & Johnson, all of Oklahoma City, Okl., on the brief), for appellants.

H. C. Crandall and L. Z. Lasley, Asst. Co. Atty., both of Alva, Okl. (Hugh D. Potts, Co. Atty., of Alva, Okl., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

Otis C. Ferguson was treasurer of Woods County, Oklahoma. In 1937 he invested township sinking funds in the amount of $2,000 in bonds issued by a school district in Creek County, and in 1938 he made two separate investments of school district sinking funds aggregating $8,000 in bonds of the same source. The county commissioners and the county attorney did not approve in advance either of the investments. Ferguson died, and the State of Oklahoma, on relation of the county commissioners, instituted this action against the administratrix of his estate and the sureties on his official bond to recover damages for the loss sustained by the failure of the bonds to pay out in full. The action was dismissed as to the executrix. Judgment was rendered against the sureties on the bond, and they appealed.

By the provisions of certain statutes of the state, which need not be reviewed at length, the county treasurer was the custodian and officer in charge of the sinking funds of dependent school districts and the sinking funds of townships. Against that background, section 1, article 2, chapter 32, Laws of 1935, 62 O.S.A. § 541, was enacted, the pertinent part of which provides: "The Treasurer having charge of any sinking fund of the State, or of any county, city, town, township, school district, or any other municipality thereof, may invest such sinking fund in * * * the bonds or warrants of the State or any county, city, town, township, school district, or any other municipality thereof * * *, provided, that before any such investment shall be made by the treasurer of any county or city such investment shall be first approved by an order of the County Commissioners and the County Attorney at a regular session of said Board where such investment is proposed to be made by the County Treasurer * * *."

The statute in that form was in force and effect at the time the investments in question were made, and it is urged that under its provisions the county treasurer had authority to make the investments without the approval of the county commissioners and the county attorney. But to this we cannot assent. The statute, at its outset, empowers the treasurer having charge of any sinking fund of the state, or of a county, township, or school district to invest such funds in bonds or warrants of certain kinds. If that broad language stood alone it would bring within its sweep power to invest the sinking funds of a county, a township, or a school district without the approval of the county commissioners and the county attorney. But it does not stand alone. The proviso follows and it is in the nature of an affirmative limitation of the power. The pertinent part of the limitation is that the treasurer of a county cannot make such an investment unless it be approved in advance by the county commissioners and the county attorney. The section must be construed as a whole. Viewed in its entirety, it is clear that a county treasurer has no authority to invest the sinking funds of the county without the approval in advance of the county commissioners and the county attorney. And sinking funds of a township or of a school district in the hands of the county treasurer are money belonging to the county. They lose their separate identity, and the relation between the county and the township or the school district is that of debtor and creditor. The township or school district has a credit on the books of the county, but the funds belong to the county. National Surety Co. v. State, 111 Okl. 185, 239 P. 262; Dillard v. Sappington, 151 Okl. 47, 1 P.2d 748. Since the funds used in making the investments in question belonged to the county, under the terms of the statute the treasurer had no authority in law to invest them without the approval of the county commissioners and the county attorney.

The pivotal language contained in the Act, supra, was contained in section 1, chapter 176, Laws of 1923. It is contended

that the long standing administrative construction placed upon the earlier statute was that the county treasurer had authority to invest the sinking funds of townships and of school districts without the approval of the county commissioners and the county attorney, and that the re-enactment of the provision without change amounted to an implied legislative recognition and approval of that construction which should be controlling here. The re-enactment of a statutory provision without material change is persuasive of a legislative recognition and approval of the consistent administrative construction placed upon it. National Lead Co. v. United States, 252 U.S. 140, 40 S.Ct. 237, 64 L.Ed. 496, McCaughn v. Hershey Chocolate Co., 283 U.S. 488, 51 S.Ct. 510, 75 L.Ed. 1183; United States v. Dakota-Montana Oil Co., 288 U.S. 459, 53 S.Ct. 435, 77 L.Ed. 893; Helvering v. Bliss, 293 U.S. 144, 55 S.Ct. 17, 79 L.Ed. 246, 95 A.L.R. 207; Helvering v. Wilshire Oil Co., 308 U.S. 90, 60 S.Ct. 18, 84 L.Ed. 101; Salt Lake County v. Utah Copper Co., 10 Cir., 93 F.2d 127, certiorari denied, 303 U.S. 652, 58 S.Ct. 750, 82 L.Ed. 1112. But there is no showing here that the Act of 1923 had been consistently construed by officers throughout the state charged with its administration to permit the county treasurer to invest sinking funds of townships or of school districts without the approval of the county commissioners and the county attorney. The Attorney General gave four written opinions to the effect that such approval was not required. Each opinion was addressed to a county attorney, but not of Woods County. Relying on a copy of one of these opinions, Ferguson made the investments involved, and others, without approval. But the record fails to show that similar investments were made in other counties without the approval of the county commissioners and the county attorney, either relying on the opinions of the Attorney General or otherwise. In short, there is an absence of showing of a consistent construction of the earlier statute by administrative officers generally throughout the state charged with the administration of the statute, of which it may be assumed the Legislature was cognizant and impliedly approved by the re-enactment of the provision.

The next contention advanced by appellants is that the administrative construction placed upon the Act of 1935, supra, has been that it clothes the county treasurer with authority to invest the sinking funds of townships and of school districts without the approval of the county commissioners and the county attorney; that such construction is entitled to great weight; and that it should not be overturned by a contrary judicial interpretation. It is a rule of wide recognition that in case of uncertainty or ambiguity in a statute weight should be given to the long continued and consistent construction placed upon it by the administrative agency charged with its execution. Brown v. United States, 113 U.S. 568, 5 S.Ct. 648, 28 L.Ed. 1079; National Lead Co. v. United States, supra; City of Tulsa v. Southwestern Bell Telephone Co., 10 Cir., 75 F.2d 343, certiorari denied 295 U.S. 744, 55 S.Ct. 656, 79 L.Ed. 1690; Baze v. Scott, 10 Cir., 106 F.2d 365; United States v. Magnolia Petroleum Co., 10 Cir., 110 F.2d 212; American Druggists' Fire Ins. Co. v. State Ins. Board, 184 Okl. 66, 84 P.2d 614; Board of Commissioners of Tulsa County v. Mars, 189 Okl. 339, 117 P.2d 129. But that rule does not have application unless the statute is doubtful or ambiguous. And the administrative interpretation given a doubtful or ambiguous statute is not to be adopted if a different construction is plainly required. Hawley v. Diller, 178 U.S. 476, 20 S.Ct. 986, 44 L.Ed. 1157; United States v. Jackson, 280 U.S. 183, 50 S.Ct. 143, 74 L.Ed. 361. Again, there is no showing that the statute in force at the time of the making of these investments has been consistently construed by the officers throughout the state charged with its administration to authorize the county treasurer to invest without approval the sinking funds of townships and of school districts. Aside from the investments made by Ferguson, there is a complete absence of showing that investments were made without being approved. But assuming for the moment that the administrative officers charged with the administration of the statute consistently construed it in that manner, keeping in the foreground the settled view of the Supreme Court of the state that sinking funds of that kind constitute money belonging to the county, National Surety Co. v. State, supra; Dillard v. Sappington, supra, we fail to find any doubt or ambiguity in the statute which calls for application of the rule of construction which appellants seek to invoke; and furthermore, we think such an administrative construction, if made, was clearly wrong and that a different construction is plainly required.

It is urged that a public official in Oklahoma is obliged to follow the opinions of the Attorney General; that Ferguson was guided by an opinion of the Attorney General in making the investments without approval; and that therefore appellants are absolved from liability. Whatever the rule may be elsewhere, it may be conceded that under the law in Oklahoma when well founded doubt or uncertainty exists concerning the construction to be placed upon a statute, it is the duty of public officials such as the county treasurer to follow the advice of the Attorney General. Rasure v. Sparks, 75 Okl. 181, 183 P. 495. But that rule has appropriate application only where well founded doubt or ambiguity exists. Otherwise, public officials are governed in their action by existing statutes and constitutional provisions, including the judicial construction placed upon them by the highest court of the state. State v. Board of Education of Oklahoma City, 186 Okl. 665, 99 P.2d 876. In the absence of any basis for a well founded doubt or ambiguity concerning the exactions of the statute, supra, there is no room for the rule on which appellants seek to rely.

Long after the three investments in question had been made, the county commissioners and the county attorney signed a writing which purported to approve the second and third investments. No reference was made to the first. That writing is relied upon as ratification of the second and third investments. It is a general principle of law that a county, through its proper officers, may ratify and make effective an unauthorized contract, provided the contract is one which the county could have made in the first instance. Ryan v. Humphries, 50 Okl. 343, 150 P. 1106, L.R.A.1916 F, 1047. But here the county commissioners and the county attorney were not authorized to invest the sinking funds. They merely had authority to approve the investment of them by the county treasurer. The treasurer was the officer authorized by law to invest the funds. Still, he could invest them only with the approval of the county commissioners and the county attorney. The statute expressly forbade their investment without approval. The action of the county commissioners and the county attorney in adopting the resolution amounted to nothing more than approval of investments already made in violation of law. Approval at that time cannot constitute ratification of the acts of the county treasurer which transcended the forbidding provisions of a controlling statute.

Apparently by mere inadvertence, the judgment failed to provide that on its payment in full the bonds described in the complaint and still in the custody of the county treasurer be delivered to appellants. The judgment is modified by inserting therein such a provision; and, as modified, it is affirmed.