R. V. McGINNIS THEATRES & PAY T. V., INC., Appellant,

v.

VIDEO INDEPENDENT THEATRES, INC., et al., Appellees.

No. 9443.

United States Court of Appeals
Tenth Circuit.

Nov. 28, 1967.

W. Bradley Ryan, Boston, Mass. (Guterman, Horvitz & Rubin, Boston, Mass., on the brief), for appellant.

Edward Soule, Oklahoma City, Okl. (Lytle, Soule & Emery, Oklahoma City, Okl., Stanley Godofsky, of Royall, Koegel, Rogers & Wells, New York City, Coleman Hayes, Oklahoma City, John J. Galgay, of Regan, Goldfarb, Powell & Union, New York City, J. Warren Jackman,

Jack I. Gaither, and Pat Malloy, Tulsa, Okl., on the brief), for appellees.

Before LEWIS, BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The issue is the capacity of appellant-plaintiff McGinnis to maintain a suit against the appellees-defendants for alleged violations of the Sherman and Clayton Antitrust Acts. McGinnis was incorporated in Oklahoma in 1958. This suit was commenced on August 7, 1964. The defendants attack the capacity of McGinnis to sue on the ground that its charter had been revoked and cancelled on April 26, 1963. McGinnis relies on the fact that the charter was reinstated on January 29, 1965. The trial court held, D.C., 262 F.Supp. 607, that McGinnis lacked the necessary capacity and this appeal followed.

Rule 17(b), F.R.Civ.P., provides that the capacity of a corporation to sue "shall be determined by the law under which it was organized." The Oklahoma statutes impose a franchise tax on corporations. In 68 O.S.1961, § 644.13(1), it is said that if the tax is not paid when due the Oklahoma Tax Commission

"* * * may enter an order directing the suspension of the charter * * * and the forfeiture of all corporate or other rights inuring thereunder."

Pursuant to this statute McGinnis was notified on April 26, 1962 that because of nonpayment of the tax, its charter was suspended and all rights thereunder were forfeited.

The statutes, 18 O.S.1961, § 1.198a, provide that upon submission of proof of payment of the tax within one year, the suspension may be revoked and say further:

"But if the corporation does not, within the year's time indicated above, present such proof, the Secretary of State shall revoke and cancel the Articles of Incorporation * * * after mailing to the corporation, thirty (30) days prior to the expiration of the

year's time, a notice that such revocation and cancellation will occur on a date stated in the notice."

McGinnis did not pay within the year and on March 26, 1963, the Secretary of State sent to it the following notice of revocation and cancellation:

"Pursuant to notice heretofore given under the provisions of Title 18, Section 1.198a, O.S.1961, you are hereby notified that the Articles of Incorporation of the above corporation will be revoked and cancelled by the Secretary of State of Oklahoma 26th day of April, 1963 for failure to comply with the requirements of the Oklahoma Franchise Tax Law."

The Oklahoma statutes also provide that after the issuance of an order of suspension and forfeiture the charter may be revived or reinstated only by the payment of specified fees and penalties and that (68 O.S.1963 Supp. § 12–1212 (f)):

"Such payment of accrued fees and penalties must be made prior to the expiration of the time provided in such charter * · * * for the life of such corporation * * *."

The charter life of McGinnis was fifty years from 1958. On January 29, 1965, after this suit was brought, the Commission found that the accrued taxes and fees were paid and ordered that:

" * * * the corporate rights [of McGinnis] * * * be and the same are, hereby reinstated, and that the action of the Oklahoma Tax Commission in its Order Number 47561, dated March 26, 1962, insofar as same relates to the aforesaid corporation, be vacated, set aside and held for naught."

Section 12–1212(c), 68 O.S.1963 Supp., provides that after a corporation's right to do business has been forfeited it "shall be denied the right to sue or defend in any court of this State."

McGinnis concedes that no Oklahoma court has passed on the question presented but argues that the federal courts must recognize the revival by the state commission under the principle which requires them to apply state law and "ascertain from all the available data what the state law is."[1] The answer is that revival of a corporation depends on statutory authority. In Chicago Title & Trust Co. v. Forty-one Thirty-six Wilcox Bldg. Corp., 302 U.S. 120, 125, 58 S.Ct. 125, 127, 82 L.Ed. 147, the Court said that: "There must be some statutory authority for the prolongation of [corporate] life, even for litigation purposes."[2] Although administrative construction of an ambiguous statute is entitled to weight, that construction is not to be adopted if a different construction is plainly required.[3] If administrative construction of a statute is clearly wrong, it is the duty of the court so to adjudge.[4]

McGinnis relies on § 12–1212 (f) and the defendants on § 1.198a. These must be read together and with § 644.13(1). The last section says that if the tax is not paid the charter is suspended and all rights thereunder forfeited. Section 1.198a provides for "revocation and cancellation" if the tax is not paid within one year. Section 12–1212(f) permits revival after "suspension and forfeiture." We do not equate "revocation and cancellation" with "suspension and forfeiture." The terms have different meanings and were used with precision in the statutes. "Suspension and forfeiture" occur when the tax is not paid. "Revocation and cancellation" oc-

1. West v. American Tel. & Tel. Co., 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L. Ed. 139.

2. To the same effect see United States v. Safeway Stores, Inc., 10 Cir., 140 F.2d 834, 836.

3. See Standard Surety & Casualty Co. of New York v. State of Oklahoma ex rel. Thilsted, 10 Cir., 145 F.2d 605, 608.

4. See Hampton v. Ewert, 8 Cir., 22 F.2d 81, 90, cert. denied 276 U.S. 623, 48 S. Ct. 303, 72 L.Ed. 737, an Oklahoma case arising before the creation of the Tenth Circuit.

cur when the tax remains unpaid for a year. The two statutes were passed by the same legislature and must be read together if there is any reasonable way to do so.[5] Section 12–1212(f) operates only after "suspension and forfeiture." Nothing therein authorizes revival or reinstatement after "revocation and cancellation." Here the taxes were not paid within the year and, in accordance with § 1.198a the charter was revoked and cancelled by the Secretary of State.

The decisions on which McGinnis relies are not pertinent. Oklahoma Natural Gas Co. v. Oklahoma, 273 U.S. 257, 47 S.Ct. 391, 71 L.Ed. 634, related to the substitution of a successor corporation for a dissolved corporation and the Court declined to act without a clarification of an Oklahoma decision in the light of Oklahoma statutes. Lillard v. Lonergan, 10 Cir., 72 F.2d 865, cert. denied 293 U.S. 615, 55 S.Ct. 147, 79 L.Ed. 704, was concerned with conflicting state and federal jurisdiction over the appointment of receivers for a Kansas corporation. Decisions like Watts v. Liberty Royalties Corp., 10 Cir., 106 F.2d 941, which apply state laws not analogous to those of Oklahoma, are not pertinent. The fact that the statutes relating to the corporate franchise tax and to the results of nonpayment have a revenue-raising objective cannot defeat or change the wording of the statutes.

 McGinnis emphasizes the rule that a "corporation can come to an end and its life extinguished only by the act or with the consent of the sovereign power by which it was established." [6] Here the corporate life was extinguished by an official act taken under a statute of the sovereign which created the corporation. The authority to revive must have similar statutory support. In our opinion that authority cannot be found in any fair interpretation of the applicable statutes. A court must reject an agency construction of a statute when that construction is obviously wrong.[7]

 The estoppel claim presented in the reply brief of McGinnis is not properly before us because it had not been raised previously.

Affirmed.

---

**5.** Section 12–1212(f) was enacted on February 25, 1949, and § 1.198a on June 6, 1949.

**6.** 16A Fletcher, Cyclopedia, Corporations, Wolf Rev.1962, p. 14.

**7.** United States v. Finnell, 185 U.S. 236, 244, 22 S.Ct. 633, 46 L.Ed. 890