DAYS INN OF AMERICA, INC., PETITIONER v. BOARD OF TRANSPORTATION AND THE DEPARTMENT OF TRANSPORTATION & HIGHWAY SAFETY, RESPONDENTS

No. 7410SC917

(Filed 19 February 1975)

1. Highways and Cartways § 2; Statutes § 1— effectiveness of statute contingent upon future event — necessity of notice to public that event occurred

The Outdoor Advertising Control Act, G.S. 136-126 *et seq.,* which provided that it was to become effective when federal funds became available to the State for the purpose of controlling outdoor advertising did not become effective on 17 July 1972, the date of a letter from an employee of an agency of the federal government to an agency of the State stating that federal funds had become available, since the happening of the statutory contingency could not have been

determined by the general public, including petitioner, by the exercise of reasonable diligence; therefore, the trial court properly enjoined respondents from enforcing their order declaring that the Act became effective on 17 July 1972, that certain billboards, including those purchased by petitioner, were erected after this date in violation of the provisions of the Act, that all permits for these billboards were void *ab initio*, and that the signs must be removed within 30 days.

2. **Appeal and Error § 7— injunction against respondents — petitioner not aggrieved party — appeal dismissed**

   Where the superior court permanently enjoined the respondents from enforcing an order challenged by petitioner, petitioner was not an aggrieved party under G.S. 1-271, and its appeal from the trial court's judgment is dismissed.

APPEAL by respondents and petitioner from *Collier, Judge.* Judgment entered 19 August 1974 in Superior Court, WAKE County. Heard in the Court of Appeals 21 January 1975.

Petitioner, Days Inn of America, Inc., instituted this proceeding pursuant to Article 33 of Chapter 143 of the General Statutes seeking judicial review of an ordinance adopted 4 October 1973 by the respondents, declaring null and void and revoking all permits issued by respondents for the erection and maintenance of certain roadside advertising signs erected between 17 July 1972 and 15 October 1972. Petitioner also sought to have the respondents permanently enjoined from enforcing its order to have such outdoor advertising signs removed within thirty days after receipt of notice of the order.

The matter was heard in the superior court upon an agreed statement of facts which is summarized as follows: On 6 July 1967 the legislature enacted the Outdoor Advertising Control Act, G.S. 136-126 et seq., giving the Board of Transportation authority to control outdoor advertising by requiring a permit for the erection and maintenance of advertising signs within 660 feet of the nearest edge of the right-of-way of an interstate or primary highway in North Carolina. The Act provided (G.S. 136-140) that it would not take effect until (1) the Board of Transportation had entered into an agreement with the U. S. Secretary of Transportation concerning the control of outdoor advertising and (2) federal funds had been "made available to the State" for controlling such advertising.

The necessary agreement with the U. S. Secretary of Transportation was entered into on 31 January 1972; and on 17 July 1972 George S. Willoughby, State Highway Administrator for

North Carolina, received a letter from T. J. Morawski, Division Engineer for the Federal Highway Administration, stating: "You are advised that $500,000 in Title I highway beautification funds 649 has been allocated to the State for control of outdoor advertising. You have also been granted obligational authority in this amount for use in fiscal year 1973."

Between 17 July 1972 and 15 October 1972 the Ever-Glo Sign Company erected five advertising billboards within 660 feet of the right-of-way of Interstate Highway 85. On 5 October 1972 the N. C. Highway Commission (hereinafter referred to as Board of Transportation, created 1 July 1973) promulgated an ordinance declaring 15 October 1972 the effective date for enforcement of the Outdoor Advertising Control Act. Ever-Glo and other advertisers were therefore notified that they had to obtain permits in order to maintain their signs erected within the controlled area. Ever-Glo applied for and on 27 November 1972 and 15 December 1972 was granted permits for the five signs it had erected between 17 July and 15 October 1972. On 7 December 1972 the Board of Transportation adopted an ordinance providing that a "notice of full compliance" with the conditions for putting the Outdoor Advertising Control Act in full force and effect be published in the major newspapers of the State.

On 3 August 1973, relying upon the fact that the Board of Transportation had issued permits for the above-mentioned billboards erected by Ever-Glo Sign Company, petitioner purchased said billboards. Thereafter, on 4 October 1973, the Board of Transportation adopted an ordinance declaring that the Outdoor Advertising Control Act became effective on 17 July 1972, that certain billboards, including those purchased by petitioner, were erected after this date in violation of the provisions of the Act, and that all permits for these billboards were null and void *ab initio*. It ordered the removal of the signs within thirty days after receipt of notice of the order.

At the trial before Judge Collier, T. J. Morawski testified for respondents that federal funds for outdoor advertising control became available to the State on 17 July 1972, the date of his letter to George Willoughby. After that date the State could spend money for outdoor advertising control purposes and obtain reimbursement from federal funds.

Judge Collier made detailed findings of fact and concluded, among other things, that the Outdoor Advertising Control Act,

G.S. 136-126 et seq., did not become effective on 17 July 1972 as declared in the respondents' order dated 4 October 1973. From an order permanently enjoining respondents "from enforcing its order of October 4, 1973 in respect to the petitioner", both parties appealed.

*Attorney General Edmisten by Associate Attorney C. Diederich Heidgerd for respondent appellants-appellees.*

*McLean, Stacy, Henry & McLean by William S. McLean for petitioner appellee-appellant.*

*Bailey, Dixon, Wooten, McDonald & Fountain by Kenneth Wooten, Jr., amicus curiae.*

HEDRICK, Judge.

Respondents' Appeal

[1]  Respondents' appeal presents the question of whether the Outdoor Advertising Control Act, G.S. 136-126 et seq., became effective on 17 July 1972.

By its terms, the Act provides that it is not to "have any force and effect until federal funds . . . [have been] made available to the State for the purpose" of controlling outdoor advertising "and the Board of Transportation has entered into an agreement with the Secretary of Transportation" with respect to the control of outdoor advertising along the interstate and primary highway systems in North Carolina. G.S. 136-140.

Respondents argue that all persons are charged with notice of public laws and the provisions thereof, 58 Am. Jur. 2d, Notice § 21, and therefore petitioner is charged with notice that the Act became effective on 17 July 1972, when T. J. Morawski notified the State Highway Administrator that federal funds had been "made available" as required by G.S. 136-140.

While it may not be an unlawful delegation of authority for the legislature to enact a statute complete in all respects which is to become operative under the happening of a certain contingency or future event, 16 Am. Jur. 2d, Constitutional Law, § 258, we think it would be absurd to hold that the statute in question took effect, and the general public, including the petitioner, was charged with notice of such statute simply because an employee of an agency of the federal government wrote a letter to an agency of the State stating that federal funds had

become available for the purpose of carrying out the provisions of the Act. We are of the opinion that the law does not charge a party with knowledge of the happening of a statutory contingency which cannot be determined by the exercise of reasonable diligence. See *McClure v. Township of Oxford,* 94 U.S. 429 (1877).

It is very doubtful whether petitioner could have determined the existence of Morawski's letter at or prior to the time it purchased the billboards from Ever-Glo. Indeed, by contending that the petitioner in this case was charged with notice of the Outdoor Advertising Control Act and the provisions thereof as of the date of Morawski's letter, the respondents are arguing that the petitioner ought to have had notice of a fact of which the Board of Transportation itself was obviously unaware. It would have been a relatively simple matter for the Board of Transportation, the administrative agency charged with the responsibility of enforcing the Outdoor Advertising Control Act, upon receipt of notice from the agency of the federal government that federal funds were available, to have adopted a resolution or ordinance declaring that the contingency referred to in G.S. 136-140 had occurred and that the Act was in effect.

We, therefore, hold that G.S. 136-126, et seq., did not become effective on 17 July 1972 and that the trial court did not err in enjoining the Board of Transportation from enforcing its order of 4 October 1973 as to the petitioner.

### Petitioner's Appeal

[2]   On 22 November 1974 respondents filed a motion in this court to dismiss petitioner's appeal on the ground that petitioner was not an aggrieved party under G.S. 1-271. We agree. Since the superior court permanently enjoined the respondents from enforcing the order dated 4 October 1973 challenged by petitioner, we fail to perceive how petitioner could be considered an aggrieved party. Therefore, petitioner's appeal is dismissed.

The result is: as to respondents' appeal, the judgment permanently enjoining respondents from enforcing the order dated 4 October 1973 is affirmed; petitioner's appeal is dismissed.

Respondents' appeal—Affirmed.

Petitioner's appeal—Dismissed.

Judges BRITT and PARKER concur.