INSURANCE
The Legislature intended by the provisions of 36 O.S. 5001 [36-5001](C) (1971), that all policies of title insurance be issued only after an examination of a duly certified abstract of title prepared by a bonded and licensed abstracter. All such examinations of abstract, as defined above, shall be conducted by a licensed attorney prior to issuance of the policy of title insurance. The Attorney General is in receipt of your request that this office review the provisions of 36 O.S. 5001 [36-5001](C) (1971), and render an opinion covering the following two specific questions: 1. May a policy of title insurance be issued in the State of Oklahoma after examination of documents and/or records other than a duly certified abstract of title prepared by a bonded and licensed abstracter, covering the real property, or in the alternative, must every policy of title insurance issued in the State of Oklahoma be based upon an examination of a duly certified abstract of title, prepared by a bonded and licensed abstracter. 2. May the examination of the duly certified abstract of title be conducted by any person other than an attorney licensed to practice law in the State of Oklahoma? Title 36 O.S. 5001 [36-5001](C) (1971), reads as follows: "Every policy of title insurance or certificate of title issued by any company authorized to do business in this State shall be countersigned by some person, partnership, corporation or agency, actively engaged in the abstract of title business in Oklahoma as defined and provided in Title 1, Oklahoma Statutes Annotated, or by an attorney licensed to practice in the State of Oklahoma duly appointed as agent of a title insurance company, provided that no policy of title insurance shall be issued in the State of Oklahoma except after examination of a duly certified abstract of title prepared by a bonded and licensed abstracter as defined herein." The answer to your first question is clearly indicated by the language of the statute itself. By statute no policy of title insurance shall be issued in the State of Oklahoma except after examination of a duly certified abstract of title prepared by a bonded and licensed abstracter as defined and provided for in Title 1 of the Oklahoma Statutes. Where the language of a statute is clear and the purpose appears with reasonable certainty, there is no need to resort to the rules of construction to ascertain its meaning. Here the words are plain and unambiguous and must be given their common meaning. Utilities Insurance Company v. McBride, 315 F.2d 553 (Okl. 1963). Your second question can be answered by determining the intention of the Legislature in requiring that title insurance only be issued after an examination of a duly certified abstract. As an aid in determining legislative intent, weight should be given to the long-continued and consistent construction placed upon it by the administrative agency charged with its execution. See, Standard Surety and Casualty Company of New York v. State of Oklahoma, ex rel. Thilsted,145 F.2d 605 (Cir.Ct. of App. Okl. 1910). The Insurance Commission has given its long-standing approval to the practice of the industry of issuing title insurance only after an attorney examines the abstract and issues his title opinion. This would seem to be the only proper interpretation of the statute since many jurisdictions have ruled directly that the examination of an abstract and certification as to the validity of title constitutes the practice of law. See, State, ex rel. Doria v. Ferguson, State Auditor, 60 N.E.2d 476 (Ohio 1945); Bump v. District Court of Polk County, 5 N.W.2d 914 (Iowa 1942); Hexter Title and Abstract Company, Inc. v. Grievance Committee, Fifth Congressional District, State Bar of Texas, et al., 179 S.W.2d 946 (Tex. 1944). This view is further buttressed by the act's definition of "title insurance policy" at 36 O.S. 5004 [36-5004] (1971), which states: " 'Title Insurance Policy' Defined. A 'title insurance policy' is any written instrument purporting to show the title to real or personal property or any interest therein or encumbrance thereon, or to furnish such information relative to real property, which written instrument in express terms purports to insure or guarantee such title or the correctness of such information." Since by definition a "title insurance policy" expresses an opinion as to the marketability of title which is relied upon by another, it only follows that the title insurance company would be illegally practicing law if its title insurance policy is issued without an examination of the abstract by a duly licensed attorney. It is, therefore, the opinion of the Attorney General that your questions be answered as follows. The Legislature intended by the provisions of 36 O.S. 5001 [36-5001](C) (1971), that all policies of title insurance be issued only after an examination of a duly certified abstract of title prepared by a bonded and licensed abstracter. All such examinations of abstract, as defined above, shall be conducted by a licensed attorney prior to issuance of the policy of title insurance. (JOHNNY J. AKINS)