The FIRST NATIONAL BANK OF
ANCHORAGE, Appellant,

v.

Clifford DENT, d/b/a Peninsula
Fence Co., Appellee.

No. 7728.

Supreme Court of Alaska.

June 29, 1984.

John R. Beard, LeSourd & Patten, Anchorage, for appellant.

Helen L. Simpson, Anchorage, for appellee.

Before BURKE, C.J., and RABINOWITZ, COMPTON and MOORE, JJ.

## OPINION

BURKE, Chief Justice.

In this case we hold (1) that a mechanic's lien claimant, in order to protect his lien, does not have to record a notice of lis pendens when he later files suit to foreclose the lien; (2) that the initial recordation of the mechanic's lien claim constitutes inquiry notice of the lien to a subsequent purchaser; and (3) that the lien claimant may amend his complaint to add, as a defendant in the action, the subsequent purchaser of the burdened real property.

I

On November 27, 1979, Clifford Dent recorded a mechanic's lien claim against a parcel of real property in Kenai, Alaska. The property was owned by Doris Lashley. The lien claim was for money owed to Dent for construction of a fence on the property. On May 21, 1980, Dent recorded a notice of extension of his lien. He filed suit to enforce the lien on November 24, 1980, the date upon which the lien would otherwise have expired. Dent, however, did not file a notice of lis pendens when he filed suit.

When Dent filed his action, Lashley's company, Sea Catch, was in bankruptcy. In the bankruptcy proceeding, Lashley gave First National Bank of Anchorage a deed of trust on the same parcel of property against which Dent claimed his mechan-

ic's lien. The deed of trust was intended to provide security for Sea Catch's debt to First National. When First National received a title report on the property, the report did not mention Dent's lien claim. Consequently, First National did not have actual notice of its existence until March 10, 1982, when the bank received service of process from Dent.[1]

The question here is whether First National took the property subject to Dent's lien claim. In order to answer this question, it is necessary to determine whether the Alaska mechanic's lien statute requires a claimant to record a notice of lis pendens.

The trial court, on motion for summary judgment, ruled that Dent was not required to file a notice of lis pendens, and that First National had constructive notice of Dent's claim by virtue of the initial recordation of the lien. The trial court also permitted Dent to add First National as a defendant in the lawsuit. First National appeals these decisions.

## II

This controversy centers around AS 34.-35.080, which states:

(a) A lien provided for in AS 34.35.050—34.35.120 does not bind a building, structure, or other improvement for more than six months after the lien is filed, unless suit is brought before the proper court to enforce the lien

(1) within that time, or

(2) within six months after recording of an extension notice in the same recording office within the original six-month period showing the recording date and the book and page or instrument number of the initial claim, and the balance owing.

(b) No lien may be continued in force for more than one year from the date of the filing of the original lien notice.

Under AS 34.35.068, Dent was required to, and did in fact, record his claim of lien.[2] Dent argues that, by virtue of this recorded lien claim, First National had constructive notice of the lien when it purchased the property and, therefore, is bound by the lien. First National argues that Dent was also required to file a notice of lis pendens.

First National reasons as follows: AS 34.35.080 states that a mechanic's lien will lapse six months after it has been filed or extended, *unless a lawsuit has been filed to enforce the lien;* absent a recorded notice of lis pendens, the bank was entitled to assume that no lawsuit had been filed, and that the lien, therefore, expired on the extension date, November 24, 1980.

◼ The plain language of Alaska's lis pendens statute, AS 09.45.790, states that the filing of a lis pendens notice is optional, not mandatory.[3] On the other hand a mortgage holder *must* record a lis pendens notice in order to give constructive notice to a subsequent purchaser of the land who purchases the property without actual no-

1. Dent was unable to serve First National earlier because the bankruptcy court had issued a stay preventing the enforcement of his lien against the bankrupt's property. When First National Bank acquired Lashley's interest however, Dent pursued his mechanic's lien claim against the bank.

2. AS 34.35.068(c) provides:

A claim of lien is enforceable only if recorded by a claimant within the time specified in (a) or (b) of this section.

3. AS 09.45.790 reads as follows:

In an action affecting the title to or the right of possession of real property, the plaintiff at the time of filing the complaint, or afterwards, and the defendant, when affirmative relief is claimed, at the time of filing the answer, or afterwards, *may* record in the office of the recorder of the recording district in which the property is situated a notice of the pendency of the action, containing the names of the parties, and the object of the action or defense, and a description of the property affected in that district. From the time of filing the notice for record, a purchaser, holder of a contract or option to purchase, or encumbrancer of the property affected has constructive notice of the pendency of the action and of its pendency against parties designated by their real names.

tice of the mortgage.[4] Because "[t]he proceedings upon foreclosure [of a mechanic's lien] ... shall, as nearly as possible, conform to the proceedings of foreclosure of a mortgage," AS 34.35.110(c), we hold that the bank did not have constructive notice of the mechanic's lien.

However, apart from the related concept of constructive notice, it is well established that "[e]very man is chargeable with notice of that which the law requires him to know, and of that which, after being put upon inquiry, he might have ascertained by the exercise of reasonable diligence." *Burnett, Waldock & Padgett Investments v. C.B.S. Realty*, 668 P.2d 819, 822 (Alaska 1983) *quoting McClure v. Township of Oxford*, 94 U.S. 429, 432, 24 L.Ed. 129, 129 (1877). *See also Wollensak v. Reiher*, 115 U.S. 96, 99, 5 S.Ct. 1137, 1139, 29 L.Ed. 350, 351 (1885); *Wood v. Carpenter*, 101 U.S. 135, 141, 25 L.Ed. 807, 809 (1879). The issues to be determined, then, are (1) was the existence of the notice of the mechanic's lien on the land record, in light of AS 34.35.080, sufficient to lead a reasonable person to inquire into whether a lawsuit had been filed? And (2), if so, would the bank have discovered the existence of Dent's lawsuit to enforce the lien if it had exercised reasonable diligence?

■ We conclude that the existence of the mechanic's lien notice on the land record, in light of AS 34.35.080, was sufficient to put a reasonable person upon inquiry notice. First, the recorded notice informed the bank that the real property had been the subject of a lien claim. Second, the language of AS 34.35.080, stating that the lien expires after six months "unless suit is brought before the proper court to enforce the lien, or within six months after recording of an extension of notice ...." necessarily implies that the lien may still be valid, provided a lawsuit has been brought to enforce it. These two factors should have caused the bank to inquire into whether a lawsuit to foreclose the lien was pending.

■ Since the bank had a duty to inquire and would have discovered the existence of Dent's lawsuit if it had done so with reasonable diligence, the bank had inquiry notice of Dent's mechanic's lien. The bank, therefore, was not an innocent purchaser and took the property subject to Dent's lien.

It is not unduly burdensome to require a prospective buyer to inquire into whether the mechanic's lien is being enforced by a lawsuit. Also, "[w]e are not inclined to pass judgment on the means selected by the legislature to accomplish legitimate purposes...." *DeArmond v. Alaska State Development Corp.*, 376 P.2d 717, 724–25 (Alaska 1962). The legislature can change the requirements of the mechanic's lien statute if it so chooses.

### III

Finally, First National argues that it was improperly added as a party to the litiga-

---

(Emphasis added).

**4.** The lis pendens statute is essentially restated and integrated into the recording statutes. AS 34.15.340(a) provides in part:

The following instruments may be recorded in the office of the recorder of the recording district in which the land is located in the same manner and *with the same effect as a conveyance of land acknowledged, proved, and certified:*

....

(2) notice of a pending action affecting title to real estate;

(Emphasis added). AS 34.15.260(a) states the effect of a conveyance of land acknowledged, proved, or certified:

A conveyance that is acknowledged, proved, or certified in the manner prescribed in §§ .150–.250 of this chapter ... (2) may be recorded in the recording district in which the land is located, and (3) *from the time it is filed with the recorder for record, it is constructive notice of the contents of the conveyance to subsequent purchasers* and mortgagees of the same property or any part of it.

(Emphasis added). Finally, AS 34.15.290 provides for the invalidity of an unrecorded conveyance:

A conveyance of real property in the state hereafter made, other than a lease for a term not exceeding one year, is *void as against a subsequent innocent purchaser* or mortgagee in good faith for a valuable consideration of the property or a portion of it, *whose conveyance is first duly recorded.* An unrecorded instrument is valid as between the parties to it and as against one who has actual notice of it.

(Emphasis added).

tion, since Dent no longer had a lien that could be enforced against the bank. We disagree.

Dent filed his amended complaint on March 10, 1982, which added the bank as a party, due to the bank's acquisition of the deed of trust after the original complaint had been filed. The propriety of the addition of the bank as a party is controlled by Alaska R.Civ.P. 25(c):

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to which the interest is transferred to be substituted in the action or joined with the original party.

The trial court's action was, therefore, proper. AFFIRMED.

MATTHEWS, J., not participating.