283 Or. 69

Charles **CLINKENBEARD** and Carol Clinkenbeard, husband and wife, Donald Cobb and Lavon Cobb, husband and wife, Duane Benbrook and Connie Benbrook, husband and wife, Harry C. Terhune and Opal Terhune, husband and wife, Mack Evans and Clara Evans, husband and wife, Appellees,

v.

Gene **FRAZIER**, Acting County Superintendent of Washington County, State of Oklahoma, Appellant.

No. 51079.

Court of Appeals of Oklahoma, Division No. 1.

July 11, 1978.

Harris & Riley by Richard G. Harris, Bartlesville, for appellees.

John G. Lanning, Dist. Atty., Willard Boone, Asst. Dist. Atty., Bartlesville, for appellant.

Larry Derryberry, Atty. Gen., R. Thomas Lay, Asst. Atty. Gen., Oklahoma City, for amicus curiae.

ROMANG, Judge:

The Petitioners-Appellees (Appellees) brought this action seeking a writ of mandamus to the Acting County Superintendent of Washington County (Appellant) ordering the Appellant to call an election to determine whether a portion of the Oglesby Dependent School District D–14 should be deannexed from that District and annexed to the adjacent Bartlesville Independent School District I–30. A petition signed by all the landowners of the land involved was filed with the Appellant and the Bartlesville District gave consent to an election. The Oglesby District refused consent and the writ was sought and granted. Appellant appeals the issuance of the writ alleging the ambiguity of 70 O.S.1976 Supp., § 7–101, last amended in 1977, and that the consent of the Oglesby District was necessary to the authorization of an election. Briefs on behalf of the *Amicus Curiae* were filed by the Attorney General for the State Department of Education in support of Appellant's basic position.

The issue presented is one purely of statutory construction. Cases cited deal with various rules of statutory construction and no case in point on the merits has been cited. The statute is the much amended § 7–101 of Title 70. During the applicable time period the relevant[1] portions of § 7–101 provided:

"A. The territory comprising all or part of a school district may be annexed to an adjacent school district, . . . when approved at an annexation election called by the county superintendent of schools, but an annexation election may not be held unless the boards of education of the affected districts concur therein, provided that such concurrence of the boards of education affected shall not be required in cases of mandatory annexation by the State Board of Education,

1. in pursuance of a petition for annexation signed by a majority of the school district electors in the territory proposed to be annexed, . . ., or

2. in pursuance of a resolution adopted by the board of education of the district in which the area affected is situated." Laws 1975, c. 73, § 1."

Appellant and Amicus argue that this section means that where (1) the area electors file a petition or (2) the district board of the area affected passes a resolution, the county superintendent must call an election of area electors if the two boards concur, *unless* the annexation is one mandated by the State Board. The Appellees argue that it means that an annexation must occur if (1) mandated by the State Board, (2) the district electors of the area affected file a petition and the election results are favorable, or (3) the board where the territory is located passes a resolution and the election results are favorable.

■■■ Our reading of the statute leads us to believe that the Legislature intended to require the consent to an election of both the acquiring and losing districts before an electors' petition can initiate an election. Since there is no election when the State Board mandates the change, the proviso clause does not seem to be directed to the situation where an electors' petition has been submitted. While the contrary may be true it is also reasonable that the Legislature would not want to permit an annexation election merely on the concurrence of the acquiring Board or of the losing Board. We note further that concurrence *to holding an election* under 70 O.S.1975 Supp., § 7–101 A is not necessarily concurrence "with the petitioners" under § 7–101 B.2. A Board may agree to holding an election without agreeing with petitioners desired result.

■■■ We are further bolstered in our construction by the consistent interpretation of the statute by the agency most closely associated with such legislation, i. e., the State Board. An agency's consistent interpretation is not legally binding on a court but is

---

1. We are aware that the parties argue that the meaning of the quoted section is derived in part from the total section. We do not reject these arguments by the partial quotation but only intend to narrow the focus of the problem.

always persuasive of its meaning. Cf. *Standard Surety & Casualty Co. v. State of Oklahoma ex rel. Thilsted,* 145 F.2d 605 (10th Cir. 1945); *Lincoln Bank and Trust Co. v. Exchange Nat. Bank & Trust Co.,* 383 F.2d 694 (10th Cir. 1967); and *C.I.R. v. Noel's Estate,* 380 U.S. 678, 85 S.Ct. 1238, 14 L.Ed.2d 159 (1965). While the effect here is not overwhelming, see factors listed in *In re Chin Thloot Har Wong,* 224 F.Supp. 155 (S.D.N.Y.1963), (in particular this interpretation while consistent is not one of long-standing and the statute has not been reenacted by the Legislature), we do note that the Legislature amended the section in 1977 without changing the relevant portions. In any event, we do not use this as our primary basis of decision but only to illustrate that our interpretation is consistent with that of those responsible for such matters.

Finding, as we do, that our interpretation is linguistically permissible (as much so as any other interpretation and more so than that of the District Court), and consistent with principle and administrative practice, we believe it is the most probable reflection of legislative intent. As such we accept *Amicus'* suggestion that we transpose the proviso to better reflect that intent as authorized by *Russell v. Flanagan,* 544 P.2d 510 (Okl.1975). So doing § 7–101 A should be read to mean:

> "A. The territory comprising all or part of a school district may be annexed to an adjacent school district . . .

when approved at an annexation election called by the county superintendent of schools,

1. in pursuance of a petition for annexation signed by a majority of the school district electors in the territory proposed to be annexed . . . as provided in this section, or,

2. in pursuance of a resolution adopted by the board of education of the district in which the area affected is situated.

But, an annexation election may not be held unless the Boards of education of the affected districts concur therein, provided that such concurrence of the boards of education affected shall not be required in cases of mandatory annexation by the State Board of Education.

\* \* \* \* \* \*

Since we reach a construction different from that below, the judgment is reversed and remanded for proceedings consistent with these views.

REVERSED AND REMANDED.

BOX, P. J., concurring.