Richard K. WILSON; Francis R. Caplan; E. Joyce Caplan; and the Karchmer Company, a Missouri general partnership, Plaintiffs,

Christine J. Wilson, Intervenor,

v.

AL McCORD INCORPORATED, an Oklahoma corporation; Al McCord a/k/a L.A. McCord; and Rosemary McCord, Defendants.

Civ. No. 82–1077–R.

United States District Court, W.D. Oklahoma.

June 6, 1985.

Kirk D. Fredrickson, Fredrickson, Merrick & Patton, Oklahoma City, Okl., for plaintiffs.

T.R. Benedum, Benedum, Benedum & Barr, Norman, Okl., John T. Edwards, Monnett, Hayes, Bullis, Thompson & Edwards, Oklahoma City, Okl., for defendants.

### ORDER

DAVID L. RUSSELL, District Judge.

■ Currently pending in this action is the Plaintiffs' Motion for Judgment Notwithstanding the Verdict and for New Trial, made pursuant to Fed.R.Civ.P. 50(b) and Fed.R.Civ.P. 59(a). The Plaintiffs urge therein that the Court erred in refusing to direct a verdict in their favor on their claims for sale of an unregistered security, as proscribed by Oklahoma "Blue Sky" law, 71 O.S.1981 § 1—§ 703. *See* 71 O.S. 1981 § 408(a)(1). The Defendants responded in opposition to the Plaintiffs' motion, and the Court permitted the Oklahoma Department of Securities to file a brief *amicus curiae* to assist the Court in interpreting Oklahoma law. The Defendants have motioned the Court to reconsider its ruling allowing the *amicus curiae* brief, which the Court now denies because it finds the brief helpful in resolving the issues now before the Court. *Cf. Clinkenbeard v. Frazier,* 582 P.2d 413, 414–5 (Okla.Ct.App.1978) (Interpretation of a statute by the agency

charged with its enforcement is always persuasive of the statute's meaning). Thus, the Plaintiffs' motion has been fully briefed by the parties and *amicus curiae,* and the Court is prepared to dispose of it at this time.

The controversy in this case is whether the fractional working interests sold by the Defendants to the Plaintiffs fall within the so-called "oil and gas" exemption, 71 O.S. 1981 § 401(b)(15), to the general requirement of registration of securities. 71 .O.S. 1981 § 301. At trial, the Court submitted this issue to the jury, which concluded that the interests sold were exempt from the registration requirement. The Plaintiffs argue that, as a matter of law, the interests sold by the Defendants were subject to the registration requirement, and that the Court therefore erred in failing to direct a verdict in the Plaintiffs' favor.

■ Specifically, the Plaintiffs contend that the defendants failed to raise jury questions with regard to three of the essential elements of the § 401(b)(15) transactional exemption. The Court has rejected this argument thrice before in this action; the last such rejection occurred when the Court denied the Plaintiffs' Motion for Directed Verdict. With regard to the elements set forth in § 401(b)(15)(A)(1) and § 401(b)(15)(A)(4), it is sufficient to state that the Court did find and still finds that questions of fact necessitated submitting those matters to the jury. Thus, the Court will not elaborate further on those issues in this Order. However, the Court will specifically address the Plaintiffs' contention that the Court misinterpreted § 401(b)(15)(A)(2).

One of the essential elements to be proven by a seller of an unregistered security seeking to avoid liability under § 408(a)(1) is as follows:

[N]o commission [may be] paid or given directly or indirectly for the solicitation of any such sale *excluding any commission paid or given by and between parties each of whom is engaged in the business of exploring for or producing oil and gas or other valuable minerals;*

71 O.S.1981 § 401(b)(15)(A)(2) [emphasis added]. As the language indicates, the oil and gas exemption from the § 301 requirement of registration is denied to one who pays a commission to another to solicit purchasers for an interest sold. In this case, the Defendants do not deny that they paid such a commission, in the form of a fractional mineral interest, to one A.R. Ellison for the solicitation of the sales to the Plaintiffs. Thus, unless the commission paid by the Defendants is in some way excepted from the § 401(b)(15)(A)(2) proscription against such payment, the Defendants would not be entitled to the oil and gas exemption from the registration requirement.

The exclusionary language of § 401(b)(15)(A)(2), highlighted above, would seem to provide the necessary exception. The fractional mineral interest transferred to Ellison by the Defendants was "given by and between parties each of whom is engaged in the business of exploring for or producing oil and gas." 71 O.S.1981 § 401(b)(15)(A)(2). However, despite the apparent facial applicability of this provision, the Plaintiffs, and *amicus curiae* as well, contend that the exclusionary language does not aid the Defendants in this case. In support of this contention, they make two arguments: (1) That application of the exclusionary language to the facts of this case would permit a seller to obtain the exemption simply by hiring another oilman, rather than the typical broker, to solicit sales, a result contrary to the intent of the legislature and the purposes of the Securities Act; and, (2) that the exclusion applies only to transactions involving buyers and sellers in the oil and gas industry. Thus, the Plaintiffs and *amicus curiae* argue for an interpretation of § 401(b)(15)(A)(2) that is somewhat different than that called for by the clear language of the statute. Unfortunately, there is no case law to support such an interpretation; while § 401(b)(15)(A)(2) has been addressed by the Oklahoma courts, *see Grisham v. PIC Oil Co., Inc.*, 702 P.2d 28, 56 O.B.A.J. 1021, 1023 (Okla.1985); *Petroleum Resources Development Corp. v. State*, 585 P.2d 346, 347–8 (Okla.1978), the exclusionary language at issue in this case has never been interpreted. Thus, the Court must decide a case of first impression under Oklahoma law.

■ The first argument advanced by the Plaintiffs and *amicus curiae* is that the Court should not apply the exclusion to the facts of this case because to do so would frustrate the intent of the legislature and the purposes of the Securities Act. The Court does not agree. In determining the intent of the legislature in promulgating a statute, the inquiry begins with the language employed in the legislation. *Seventeen Hundred Peoria, Inc. v. City of Tulsa*, 422 P.2d 840, 843–4 (Okla.1966) (Statutory construction "should ordinarily be done by a consideration of the language of the statute."), *quoting City of Bristow v. Groom*, 194 Okla. 384, 151 P.2d 936, 940 (1944). "Where the language of a statute is plain and unambiguous, and its meaning is clear ... the statute will be accorded the meaning as expressed by the language therein employed." *Cave Springs Public School District v. Blair*, 613 P.2d 1046, 1048 (Okla.1980). The plain language of § 401(b)(15)(A)(2) indicates that the exclusion is applicable to the facts of this case, and "there is no room for construction." *Cavett v. Geary Board of Education*, 587 P.2d 991, 993 (Okla.1978). To conclude otherwise would be to ignore the language of the exclusionary provision, and a court is "not justified in ignoring the plain words of a statute." *Allgood v. Allgood*, 626 P.2d 1323, 1327 (Okla.1981). Thus, the first argument advanced by the Plaintiffs and *amicus curiae* fails to persuade the Court that the exclusion contained in § 401(b)(15)(A)(2) does not apply to the facts of this case.

The second argument fares no better. The exclusion cannot be interpreted to apply only to transactions between parties in the oil and gas industry, because such an interpretation would render the exclusion meaningless, mere surplus language. *See Anderson v. O'Donoghue*, 677 P.2d 648, 651 (Okla.1983) ("Statutes must be con-

strued to give meaning to each portion thereof ...").  *Cf. Cowart v. Piper Aircraft Corp.*, 665 P.2d 315, 317 (Okla.1983) ("It is presumed that each portion ... was intended to be operative and not surplus language.").  Under 71 O.S.1981 § 2(20)(R), sales of mineral interests between parties in the oil and gas industry are by express mention excluded from coverage under the Act.  As such interests are not securities, there is no registration requirement and therefore no need for an exemption from the registration requirement premised on the industry status of the parties.  The exclusion contained in § 401(b)(15)(A)(2) cannot be interpreted as urged by the Plaintiffs, as it would thereby become superfluous in light of § 2(20)(R).  *See Anderson*, 677 P.2d at 651 (Statutes cannot be construed "so that a statute is rendered superfluous.").

It may well be, as is suggested by the Plaintiffs and *amicus curiae*, that the legislature did not contemplate that an oilman could avoid the registration requirement simply by employing a fellow oilman, rather than a typical securities broker, to solicit purchasers.  Nevertheless, the plain language of § 401(b)(15)(A)(2) mandates that result on the facts of this case.  Given such clear language, it would be extremely unfair to adopt an esoteric construction such as that urged by the Plaintiffs and *amicus curiae*.  The Defendants were entitled to rely on the clear, unambiguous language which told them it was unnecessary to register the working interest securities that they sold.  For the Court to now tell them that the statute does not mean what it plainly says would be a clear miscarriage of justice, and the Court declines to do so.

■ Accordingly, the Court concludes that the exclusionary language of § 401(b)(15)(A)(2) is applicable to the Defendants in this case.  The issues were therefore properly submitted to the jury, and the Plaintiffs' Motion for Judgment Notwithstanding the Verdict is denied. This denial obviates the need to consider the Plaintiffs' request for a new trial on the issue of Rosemary McCord's derivative

liability, as the Court finds the jury's verdict in favor of the Defendants correct in all respects.

The final motion pending in this action is the Defendants' Motion for Attorney's Fee.  Because the Court finds that the Plaintiffs' claims were not "without substantial merit," that motion is denied.  *See* 71 O.S.1981 § 408(f).

In summary, the Court reaches the following conclusions:

1.  The Defendants' Motion to Reconsider is denied.

2.  The Plaintiffs' Motion for Judgment Notwithstanding the Verdict and for New Trial is denied.

3.  The Defendants' Motion for Attorney's Fee is denied.