Dear Representatives Clark,
¶ 0 The Attorney General has received your request for an official opinion asking, in effect:
Is the State Board of Education required under 70 O.S.7-101(A)(1) (1988), to annex all or part of a school district'sterritory to an adjacent school district or to a school districtin the same transportation district solely upon thesubmission to the State Board of Education of a petition forannexation signed by a majority of the school district electorsin the territory sought to be annexed?
¶ 1 Your request involves the interpretation of several sections of the statute establishing the procedures mandated to accomplish the annexation or consolidation of school districts. More particularly, your request deals with 70 O.S. 7-101
(1988), which provides:
 A. The territory comprising all or part of a school district may be annexed to an adjacent school district, or to a school district in the same transportation area authorized to furnish transportation, or to two or more such districts, when approved at an annexation election called by the county superintendent of schools, but except as provided in subsection B of this section, an annexation election may not be held unless the boards of education of the affected districts concur therein. Provided, that such concurrence of the boards of education affected shall not be required in cases of mandatory annexation by the State Board of Education:
 1. In pursuance of a petition for annexation signed by a majority of the school district electors in the territory proposed to be annexed, hereinafter referred to as the area affected, as provided in this section; or
 2. In pursuance of a resolution adopted by the board of education of the district in which the area affected is situated.
¶ 2 Based on a literal reading of the statute, it is not surprising that the process involved with the annexation of a school district may be subject to interpretation. Your question deals with the single instance in which a petition for annexation is presented to the State Board of Education. As will be discussed in this Opinion, the mere presentation of a petition to the state school board does not meet the criteria established to effect an annexation nor does it in any way implicate the school board's discretion.
¶ 3 It is clear from the terms of the statute, as well as through subsequent judicial decisions, that "the territory comprising all of a school district may be annexed to an adjacent school district when approved at an annexation election called by the county superintendent of schools `in pursuance of a petition for annexation signed by a majority of the school board electors in the territory proposed to be annexed.'" IndependentSD. No. 53 v. Independent SD. No. I-128, 474 P.2d 643, 644
(Okla. 1970) (emphasis added). Your inquiry deals with the less clear circumstance involving the annexation of a school district (or portion thereof) by the State Board of Education rather than annexation through a district-wide election. Also implicated in your question are the statutory sections dealing with the necessity of consent by the school boards involved. These provisions are equally difficult to interpret.
¶ 4 Although 70 O.S. 7-101(A) provides that no election must be held in cases requiring mandatory annexation by the State Board of Education, it is unclear when such a situation would exist. Identification of such a condition is important, in that the section states that the concurrence of the school boards involved is not necessary in cases of mandatory annexation. The statute seems to enumerate two instances that presumably would fall into this category: 1) when the petition is signed by a majority of the electors in the territory sought to be annexed and 2) when the board of education in the affected territory passes an appropriate resolution. Difficulty arises when one attempts to delineate the instances in which a petition requires that an election be called and when the presentation of the petition to the State Board of Education is sufficient to cause the requested change without an election.
¶ 5 The confusion created by the statute, inherent in a literal reading, has been addressed by an Oklahoma Court. InClinkenbeard v. Frazier, 582 P.2d 413 (Okla.Ct.App. 1978), the Court of Appeals considered the process required to properly effect a school annexation. Because the Court found the statute susceptible to several different interpretations, it looked to the long-standing practices of the involved agency, the State Board of Education, in determining the correct interpretation of the legislation. In an attempt to clarify the statutory language the Court transposed the sections of the statute and read it in the following manner:
 A. The territory comprising all or part of a school district may be annexed to an adjacent school district . . . when approved at an annexation election called by the county superintendent of schools,
 1. in pursuance of a petition for annexation signed by a majority of the school district electors in the territory proposed to be annexed . . . as provided by this section, or,
 2. in pursuance of a resolution adopted by the board of education of the district in which the area affected is situated.
 But, an annexation may not be held unless the Boards of education of the affected districts concur therein, provided that such concurrence of the boards of education affected shall not be required in cases of mandatory annexation by the State Board of Education.
582 P.2d at 415.
¶ 6 The Clinkenbeard decision makes it clear that except in the rare case of a mandatory annexation by the State Board of Education, under subsection (A) of 70 O.S. 7-101 the only way to accomplish a school annexation is through an election. The election may occur as a result of a petition signed by a majority of the electors in the district sought to be annexed or pursuant to a resolution adopted by that area's board of education. In either instance, both the board of education of the district sought to be annexed and the board of the district to which the affected district will be transferred must concur prior to the calling of the election. This dialectical reading of the statute eliminates the confusion (discussed above) created by the apparent identification of instances of mandatory annexation by the State Board of Education.
¶ 7 An additional means of forcing an annexation is provided in subsection (B). This part of the statute provides:
 An annexation election shall be called by the county or state superintendent of schools without the concurrence of the board of education of the school district which is proposed to be annexed, upon the filing of a petition with the county or state superintendent of schools for annexation that is signed by a majority of the school district electors in the school district proposed to be annexed.
70 O.S. 7-101 (1988).
¶ 8 This allows an annexation to occur after an election in which the annexation passes by a majority of the electors in the school district sought to be annexed.
¶ 9 It is, therefore, the official opinion of the AttorneyGeneral that:
 1. The presentation of a petition to the State Board ofEducation requesting an annexation of all or part of a schooldistrict's territory to an adjacent school district or to aschool district in the same transportation district does notcomply with the statutory process setting out the proper means ofannexation. In such a situation, an election must be called andthe issue must pass by a majority of the school district'selectors to properly effect annexation.
 2. Except in the case of mandatory annexation, the consent ofthe affected boards of education is required.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
BEVERLEY QUARLES WATTS ASSISTANT ATTORNEY GENERAL