Dear Representative Baskin,
¶ 0 The Attorney General has received your request for an official opinion asking in effect:
 When a municipality is appropriating money, under the provisions of title 11 O.S. 17-101 (1987), are such appropriations required to be approved by a vote of a majority of the whole of the governing body, rather than a simple vote of the majority of the quorum that might be present?
¶ 1 Title 11 O.S. 11-110 (1981), sets out the general rule regarding quorum requirements and the quorum that is required for a municipality's city council or governing body to act. That section provides:
 A majority of all the members of the council shall constitute a quorum, but a smaller number may adjourn from day to day.
¶ 2 However, the statute your question involves provides for its own special quorum requirement. Title 11 O.S. 17-101 (1987) states:
 Any act of a municipal governing body which provides for the borrowing of monies or for appropriating monies shall not be valid unless a majority of the governing body of the municipality votes in favor of the action.
¶ 3 As pointed out in Sisk v. Sanditen Investments, L.TD.,662 P.2d 317 (Okla.App. 1983), it is a fundamental rule that courts are not to presume the legislature has done a vain thing. It is also a primary rule of statutory construction that statutes are to be construed to effectuate the intent of the legislature. In determining the intent of the legislature in promulgating a statute, inquiry begins with the language employed in the legislation. Wilson v. Al McCord, Inc., 611 F. Supp. 621 (W.D. Okla. 1985). A clear reading of the above provision reveals intent to require a majority vote of the "governing body" of the municipality. Title 11 O.S. 17-204(14) (1981) states that:
 Governing body means the city council of a city, the board of trustees of a town, or the legislative body of a municipality as it may be defined by applicable law or charter provision.
¶ 4 The statutory wording "governing body" as defined by 11O.S. 17-204(14), is interpreted as a term intending to encompass the entire or whole city council, board of trustees of a town or legislative body of a municipality. The Oklahoma Supreme Court inOliver v. City of Tulsa, 654 P.2d 607 (Okla. 1982), ruled that whenever the meaning of a word or phrase is defined in any statute, that definition is applicable to the same word or phrase whenever it occurs, except where there is a clear contrary intention. Therefore, it is clear that the term "governing body," as it is used in 11 O.S. 17-101, does require a majority vote of the entire or whole governing body of the municipality.
¶ 5 An "appropriation," in this regard, is defined in 11 O.S. 17-204(2) (1981), as follows:
 "Appropriation" means an authorization and allocation of money to be expended for a purpose.
¶ 6 Similarly, the Oklahoma Supreme Court has ruled on the definition of "appropriation" in Smith v. State Board ofEqualization, 630 P.2d 1264 (Okla. 1981). In that case the Court said:
 Appropriation, as contrasted to accruing, is the designation or authorization of the expenditure of public monies and stipulation of the amount, manner and purpose for a distinct use or for the payment of a particular demand.
630 P.2d at 1266.
¶ 7 Accordingly, the interpretation of the statutory term "appropriation" means the authorization of the expenditure of public monies of specific amount, manner, and purpose for a distinct use or for a particular demand. This interpretation, as applied to 11 O.S. 17-101 (1987), authorizes the governing body of the municipality, upon a majority vote of the whole of that governing body, to allocate appropriations.
¶ 8 This opinion does not attempt to address the issue of the effect of the statute on municipalities that have home rule charters. It is theoretically possible that the outcome herein reached would be different, but that would depend on the particular facts and provisions of that municipality's home rule charter.
¶ 9 It is, therefore, the official opinion of the AttorneyGeneral that 11 O.S. 17-101 (1987), requires majority vote ofthe entire municipal governing or legislative body to makeappropriations. However, contrary provisions contained in amunicipal charter governing a home rule municipality mightcontrol over this statute, depending on the charter's language.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
ROBERT T. RALEY ASSISTANT ATTORNEY GENERAL