Dear Executive Director Kelsey,
¶ 0 This office has received your request for an Attorney General Opinion addressing, in effect, the following questions:
1. Does the Oklahoma State Board of Medical Licensure andSupervision have the power to grant full, unrestricted licensure,by endorsement or otherwise, to physicians holding a speciallicense who have not passed a licensing examination recognized bythe Board?
2. May the Oklahoma State Board of Medical Licensure andSupervision lawfully issue full, unrestricted licensure byendorsement to otherwise qualified applicants who havecommendable records of practice as physicians, have successfullycompleted a specialty board examination and have receivedspecialty board certification but have not met current medicallicensure examination requirements?
 I.
¶ 1 The Oklahoma Allopathic Medical and Surgical Licensure and Supervision Act, 59 O.S. 480 to 59 O.S. 513 (1997) ("the Act"), authorizes the Oklahoma State Board of Medical Licensure and Supervision ("the Board") to license and regulate the allopathic and surgical practices of physicians holding the degree of Doctor of Medicine. As to each applicant for licensure, the Board must find that such person has, among other things, "fully complied with all applicable licensure requirements" of the Act and "has produced satisfactory evidence to the Board" of the applicant's ability "to practice medicine and surgery with reasonable skill and safety." 59 O.S. 492.1(B) (1997).
¶ 2 Examination is a statutory requirement for full, unrestricted licensure. Specifically, an applicant is required to pass "medical licensing examination(s) satisfactory to the Board." 59 O.S. 493.1(E) (1997). The Board is charged with conducting "a medical licensure examination as necessary to test the qualifications of applicants." 59 O.S. 494.1(A) (1997). The statute continues:
 Except as otherwise provided,[1] no person shall receive a license to practice medicine and surgery in this state unless he or she passes or has passed all required examinations satisfactory to the Board.
59 O.S. 494.1(A)(1) (1997).
¶ 3 Through these statutes, the Oklahoma Legislature has given the Board broad authority to address the subject of examinations.59 O.S. 494.1(A) (1997). The ¶ 4 Board's rules at Oklahoma Administrative Code ("OAC") 435:10-4-6 provide:
 (a) Upon submission and approval of a completed application for licensure by examination and the payment of all fees, an applicant may sit for an examination approved by the Board. The Board has adopted the USMLE as its licensure examination. . . .
. . . .
 (e) The Board recognizes as acceptable for licensure the USMLE, NBME and FLEX examinations. However, the Board will not accept test scores or combined FLEX scores from multiple sittings of the FLEX. In addition, the Board will accept combinations of the examinations listed above.
OAC 435:10-4-6.
¶ 5 The above statutes and regulations unambiguously set forth the requirements for licensure by examination in Oklahoma. It is well-settled Oklahoma law that if the wording of a statute "is plain, clear and unambiguous, its evident meaning must be accepted and there is no reason or justification for the use of interpretative devices to fabricate a different meaning."McVicker v. Board of County Commissioners of Caddo County,
442 P.2d 297,302 (Okla. 1968) (citation omitted). Your inquiry states that the applicants have not passed any licensing examination currently recognized by the Board. Accordingly, full, unrestricted licensure by examination as contemplated under 59O.S. 493.1 and 59 O.S. 494.1 is not available to such an applicant.
 II.
¶ 6 You have also asked about the examination requirements necessary for the issuance of a full, unrestricted license by endorsement. Although the examination requirements differ slightly for licensure by endorsement, a Board approved examination is still essential to the issuance of a full, unrestricted license by endorsement.
¶ 7 The applicable statute provides:
 A. Endorsement of licensed applicants: The State Board of Medical Licensure and Supervision may issue a license by endorsement to an applicant who:
 1. Has complied with all current medical licensure requirements except those for examination;
 2. Has passed a medical licensure examination given in English in another state, the District of Columbia, a territory or possession of the United States, or Canada, provided the Board determines that such examination was equivalent to the Board's examination used at the time of application; and
. . . .
 B. The Board may, at its discretion, issue a license by endorsement to an applicant who:
 1. Has complied with all current medical licensure requirements except those for examination; and
 2. Has passed the examination of and been certified by a certification agency recognized by the Board, provided the Board determines that the examination was equivalent to an examination acceptable to the Board at the time of the application and was not a specialty board examination.
59 O.S. 493.3 (1997) (emphasis added).
¶ 8 Regulations of the Board identify the examinations that have been approved by the Board for licensure by endorsement. O A C 435:10-4-7 states:
 (a) The Board may license an applicant by endorsement based upon the applicant's current license in another state, the District of Columbia, U.S. territory, or Canada and who has passed a medical licensure examination allowed by 59 O.S. 493.3(A)(3) (1997) sic -494.1, and who has complied with all other current licensure requirements of the Act. The Board has approved for this purpose the FLEX, USMLE and National Board examinations or acceptable combinations thereof.
. . . .
 (d) In the event an applicant is not qualified for licensure by endorsement, the applicant may, upon payment of applicable fees, sit for licensure examination or apply for a special license as set forth in Subchapter 11 of this Chapter."
OAC 435:10-4-7.
¶ 9 Again, your inquiry states that the applicants have not passed an examination recognized by the Board. From the scenario stated in your inquiry letter, we understand that the applicants in question have not passed any licensing or certification examination given in another state, the District of Columbia, or a territory or possession of the United States as required by 59O.S. 493.3(A)(2) (1997). Therefore, such applicants cannot qualify for licensure by endorsement under that section.
¶ 10 From the scenario stated in your inquiry letter, we further understand that some applicants have successfully completed specialty board examinations and received specialty board certification, but have never passed a general examination administered by a certification agency recognized by the Board. Your second question asks, in essence, if the Board lawfully can substitute a specialty board examination or certification process for a general certification examination recognized by the Board.
¶ 11 Clearly, the answer is no. Under the unambiguous language of the statute emphasized above, the successful completion of a specialty board examination, with or without a commendable practice history, cannot satisfy the examination requirement for licensure by endorsement under 59 O.S. 493.3(B) (1997).
¶ 12 The Board is a statutory body "re-created" under 59 O.S.481 (1997). "Agencies created by statute may only exercise the powers granted by statute, and while an agency may exercise powers fairly implied from those expressly given, it may not expand those powers by its own authority." Oklahoma State Boardof Medical Licensure and Supervision v. Migliaccio,917 P.2d 483, 486 (Okla.Ct.App. 1996), citing Marley v. Cannon,618 P.2d 401 (Okla. 1980).
¶ 13 Every provision of a statute Is presumed to have been intended for some useful purpose and must be given effect.Darnell v. Chrysler Corporation, 687 P.2d 132, 134 (Okla. 1984). Legislative intent is the governing principle used in statutory interpretation, together with the presumption that the Legislature "expressed its intent in a statute and that it intended what it expressed." Id. (citations omitted). The Legislature here has expressed plainly its intention not to accept a specialty board examination for the purposes of licensure.
¶ 14 The Board's rules confirm this conclusion. According to OAC 435:10-4-7, the only option available to an applicant who seeks full, unrestricted licensure when he or she cannot meet the requirements for licensure by endorsement is for that applicant to take an examination authorized by 59 O.S. 494.1
(1997).[2] "Interpretation of [a] statute by the agency most closely associated with such legislation," while not binding, "is always persuasive of its meaning." Clinkenbeard v.Frazier 582 P.2d 413, 414-415 (Okla.Ct.App. 1978) and cases cited therein.
¶ 15 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. The Oklahoma State Board of Medical Licensure and Supervisiondoes not have the power, under the Oklahoma Allopathic Medicaland Surgical Licensure and Supervision Act at 59 O.S. 480 to 59O.S. 513 (1997), to grant full, unrestricted licensure, byendorsement or otherwise, to physicians holding special licenseswho have not passed a licensing examination recognized by theBoard.
2. The Oklahoma State Board of Medical Licensure and Supervisioncannot lawfully issue full, unrestricted licensure by endorsementto otherwise qualified applicants who have commendable records ofpractice as physicians, have successfully completed a specialtyboard examination and have received specialty Board certificationif they have not met current medical licensure examinationrequirements.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GAY ABSTON TUBOR ASSISTANT ATTORNEY GENERAL
[1] This exception refers to a special license, which is a license with specifically enumerated restrictions issued to qualified applicants who have completed all requirements for full, unrestricted medical licensure except for the licensing examination and certain other statutory requirements not relevant here. 59 O.S. 493.4 (1997).
[2] The second alternative in OAC 435:10-4-7 is a special license, which is not a full, unrestricted license and, therefore, is not relevant to your inquiry. 59 O.S. 493.4 (1997).